376 P.2d 779

Patrick Mahon McGEE, Petitioner,

v.

The ARIZONA STATE BOARD OF PARDONS AND PAROLES, and Walter Hoffman, Chairman, and Robert W. Pickrell, and W. W. Dick, Members of said Board, Respondents.

No. 7798.

Supreme Court of Arizona.

En Banc.

Dec. 7, 1962.

Rehearing Denied Dec. 27, 1962.

John H. Grace, Flagstaff, for petitioner.

Robert W. Pickrell, Atty. Gen., for respondents.

STRUCKMEYER, Justice.

Patrick Mahon McGee petitioned this Court for a Writ of Mandamus to compel respondents, State Board of Pardons and Paroles and the members thereof, to hear and determine his application for commutation of death sentence. After an oral hearing on December 5th, 1962, this Court ordered that the peremptory writ issue forthwith with a written opinion to follow. The peremptory writ was predicated on the facts as set forth in McGee's verified petition, the response thereto of the Attorney General, and the records in this Court.

On the 16th day of December, 1959, petitioner was convicted in Coconino County, Arizona, of murder in the first degree, the jury fixing the punishment at death. The conviction was affirmed by this Court and a re-hearing denied on April 24th, 1962. State v. McGee, 91 Ariz. 101, 370 P.2d 261. Petitioner then commenced a series of applications to the federal courts which culminated on November 30th, 1962, in a denial of further review by the Supreme Court of the United States. McGee v. Eyman, 83 S.Ct. 230.

By statute, the Board of Pardons and Paroles consists of the Attorney General, the Superintendent of Public Instruction, and a third member selected by them, known as the citizen member, who is chairman, A.R.S. § 31–401. Although the Governor may grant reprieves, commutations and pardons, A.R.S. § 31–443, it is the exclusive power of the Board to pass upon and recommend such and they may not be granted by the Governor unless first so recommended by the Board, A.R.S. § 31–402, subd. A.

It also is the duty of the Board to meet quarterly at the State Prison and at such meeting " * * * every prisoner confined upon an indeterminate sentence, whose

minimum term of sentence has expired, shall be given an opportunity to appear and apply for release upon parole, or for an absolute discharge. * * *" A.R.S. § 31–411. While the power to pass upon commutations of sentence is recognized in the statutes, no specific procedure in the exercise of such power has been prescribed by the Legislature. However, the Board is authorized to make rules and regulations not inconsistent with law as it deems proper for the conduct of its business, A.R.S. § 31–403.

By A.R.S. § 41–1004 the rules and regulations of state agencies must be filed in the Office of the Secretary of State. No rules or regulations of any kind have been filed by the Board in compliance with the statute. Presumably, it has not adopted rules or regulations. The failure to adopt formal rules by which commutations of sentences may be heard and determined has necessitated petitioner's present application to this Court.

Seemingly, the Board at its regular quarterly meeting at the State Prison on May 23rd, 1962, undertook sua sponte to consider a commutation of petitioner's death sentence. The Attorney General has not furnished this Court with a record of the proceedings. It is asserted by petitioner that because of further legal proceedings then pending, the time was not ripe for a hearing and no evidence or testimony was presented to show why petitioner's sentence of death

should be commuted to life imprisonment. Petitioner and his counsel were advised that the Board would take no action and, in fact, the Board took no action then other than to interview petitioner.

On November 20th, 1962, petitioner sent to the Governor with copies to the Chairman of the Board an application for commutation of sentence setting out that the hearing at the State Prison on May 23rd was token in that no witnesses were called. He then requested a full hearing. Notwithstanding, the Board refused and continues to refuse petitioner a hearing and any further consideration on his plea for a commutation.

By Statute, A.R.S. § 31–402, "All applications for reprieves, commutations, paroles and pardons made to the governor shall be at once transmitted to the chairman of the board and the board shall return the applications with their recommendation to the governor." The Attorney General's response sets forth that the Board refused to grant a hearing pursuant to the application. We would ordinarily assume from this that in compliance with the statute the Board had returned the application for commutation with an unfavorable recommendation to the Governor. But the Attorney General advised us on oral hearing that it is the customary practice of the Board to return only applications with favorable recommendations. Therefore, McGee filed this peti-

tion requesting that this Court compel a hearing thereon and that some recommendation be returned to the Governor.

█ It is clear that the Board of Pardons and Paroles has failed to comply with the minimal requirements of the Law. A person under sentence of death upon timely application must be permitted a hearing at which he may produce evidence to establish extenuating or mitigating circumstances or which may otherwise justify such commutation. Due process of law requires notice and opportunity to be heard, and:

"'* * * there must be a hearing in a substantial sense. And to give the substance of a hearing, which is for the purpose of making determinations upon evidence, the officer who makes the determinations must consider and appraise the evidence which justifies them.' * *

"'The maintenance of the proper standards on the part of administrative agencies in the performance of their quasijudicial functions is of the highest importance and in no way cripples or embarrasses the exercise of their appropriate authority. On the contrary, it is in their manifest interest. For, as we said at the outset, if these multiplying agencies deemed to be necessary in our complex society are to serve the purposes for which they are created

and endowed with vast powers, they must accredit themselves by acting in accordance with the cherished judicial tradition embodying the basic concepts of fair play.' Morgan v. United States, 304 U.S. 1, 22, 58 S.Ct. 773, 778, 999, 1000, 82 L.Ed. 1129." Forman v. Creighton School District No. 14, 87 Ariz. 329, 351 P.2d 165.

█ It is not merely the individual with whom we are here concerned. It is that this person has not received his full measure in the struggle against the public's will. The unlawful taking of a human life has from time immemorial been considered immoral. It is not less so because it is done collectively by the State. If it is to be justified under the law, it must not be done with less formality than the spirit and the traditions of the law contemplate.

The Peremptory Writ of Mandamus is ordered issued and respondents are ordered to proceed to a hearing at which petitioner be allowed to present such evidence as has a proper bearing upon his application for commutation of the death sentence. The Board's recommendation shall then be transmitted forthwith to the Governor in accordance with the law.

BERNSTEIN, C. J., UDALL, V. C. J., and JENNINGS and LOCKWOOD, JJ., concurring.