LANE v. DEPARTMENT OF CORRECTIONS,
PAROLE BOARD

1. CRIMINAL LAW—PAROLE—EXTENSION—DISCRETION OF PAROLE BOARD.
   Statute providing that any order of parole may be amended, revised, modified or rescinded at the discretion of the parole board empowers the board to order the extension of the period of parole (MCLA § 791.236).

2. SAME—PAROLE—EXTENSION—NOTICE—HEARING.
   Plaintiff parolee is entitled to notice and an opportunity to be heard before entry of order extending his parole where the

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 4, 5] 39 Am Jur, Pardon, Reprieve, and Amnesty § 86.
[2, 3, 6] 39 Am Jur, Pardon, Reprieve, and Amnesty § 94 *et seq.*

ground for such extension is an alleged violation of parole (MCLA § 791.240).

3. SAME—PAROLE—EXTENSION—NOTICE—HEARING.

The statute mandates notice and a hearing whenever action is proposed to amend, revise, modify or rescind an order of parole (MCLA § 791.236).

4. SAME—PAROLE—EXTENSION—DISCRETION OF PAROLE BOARD.

The power of the parole board to amend, revise, modify or rescind an order of parole is one of discretion, which is subject to judicial review (MCLA § 791.236).

5. SAME—PAROLE—EXTENSION—RECORD.

The parole board in amending, revising, modifying or rescinding an order of parole must make a record of the hearing before it thereon, to enable the court to review its order.

6. SAME—PAROLE—EXPIRATION—ORDER.

Where order extending period of parole was ineffective for failure of parole board to afford plaintiff notice and a hearing; plaintiff's term of parole has expired; and no hearing has been held on the parole violations charged within the statutory 30 day period *held*, parolee is entitled to a writ of mandamus directing the parole board to enter an order discharging him from parole (MCLA § 791.242).

Original action for mandamus in the Court of Appeals. Submitted Division 2 June 8, 1967, at Detroit (Docket No. 3,363.) Decided December 2, 1968. Leave to appeal granted March 3, 1969. 381 Mich 805.

Complaint by Edgar Elton Lane against Michigan Department of Corrections, Parole Board for a writ of mandamus to compel defendant to terminate plaintiff's period of parole. Writ granted.

*Albert Best,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Stewart H. Freeman,* Assistant Attorney General, for defendant.

Levin, J.  On August 19, 1963, Edgar Elton Lane was released on parole.  He was returned to State prison on September 22, 1965, as a parole violator. On January 11, 1966, the Michigan Supreme Court granted Lane a writ of habeas corpus and ordered that he "be forthwith discharged from custody as on parole under the parole order of August 19, 1963."[1]

Seven months later, August 11, 1966, the parole board entered an order amending Lane's "parole as follows: Parole period extended 3 years to expire August 19, 1969."  No notice of the impending extension of his parole or hearing thereon was granted Lane nor were any reasons given Lane at the time the action was taken.

Lane's attorney then communicated with the parole board seeking an explanation.  The parole board

---

[1] A formal hearing on the parole violation charges lodged against Lane was set for November 19, 1965.  He then sought a writ of habeas corpus claiming that the failure of the parole board to conduct the hearing within 30 days of his return to State prison barred further detention on those charges.

He relied on MCLA, § 791.240 (Stat Ann 1954 Rev § 28.2310): "Whenever a paroled prisoner is accused of a violation of his parole * * *  he shall be entitled to a fair and impartial hearing of such charges within 30 days before 2 members of the parole board."

Our Court denied the writ.  We ruled that the failure to hold a timely hearing did not bar further proceedings and that a prisoner complaining that the parole board had not observed the foregoing statutory requirement should seek a writ of mandamus rather than a writ of habeas corpus.  *In re Lane* (1965), 2 Mich App 140.

On December 20, 1965, Lane's application for leave to take an emergency appeal to the Michigan Supreme Court was denied; (1965), 377 Mich 693.  Lane then made an application for admission to bail pending consideration of his application for leave to appeal.

On January 11, 1966, the Supreme Court entered the order above referred to in the main body of this opinion, which order treated Lane's moving papers "as an original petition filed in this Court for writ of habeas corpus.  So considered the petition is granted and it is ordered that Edgar Elton Lane be forthwith discharged from custody under the parole order of August 19, 1963."  A brief note of this order appears in the published report.  *In re Lane* (1966), 377 Mich 695.  On February 11, 1966, the Supreme Court entered an order denying Lane's application for leave to appeal, "since the matter has become moot by virtue of the order of the Court on January 11, 1966, discharging Edgar Elton Lane from custody as on parole under the parole order of August 19, 1963."

responded stating, among other things, that Lane's "parole adjustment has been very poor since he has been under investigation for serious crime since May of 1965. In fact, there is a current felony charge pending" and that in the judgment of the parole board the public interest required a further period of supervision.[2]

Lane then filed a complaint for a writ of mandamus with our Court. We issued an order directing the parole board to show cause why the writ should not issue requiring Lane's discharge from parole.

The issues presented are (1) whether the parole board has the power to extend the period of a parole and (2) if it does, may it do so without notice to the parolee of the proposed action and allowing him to be heard thereon.

Section 36 of the statute concerning the department of corrections (PA 1953, No 232 [MCLA, § 791.236, Stat Ann 1954 Rev § 28.2306]) provides that "any order of parole may be amended, revised, modified or rescinded at the discretion of the parole board." We agree with the attorney general that § 36 confers upon the parole board authority in terms sufficiently broad to permit the entry of the

---

[2] The complete text of the response made by the parole board to Lane's attorney reads:

"In reply to your recent inquiry, we wish to give you the following reasons for the three-year extension of Edgar E. Lane's parole period, to August 19, 1969.

"(1) Subject was originally sentenced by Judge Roth to a term of 15 to 50 years because of a series of serious armed robberies.

"(2) His original parole was for three years because of our feeling that he needed rather lengthy supervision.

"(3) His parole adjustment has been very poor since he has been under investigation for serious crimes since May of 1965. In fact, there is a current felony charge pending.

"(4) His parole adjustment has done nothing to give the parole board confidence in him, so we still feel that he needs a rather extensive period of supervision.

"(5) The public interest demands this action and we would be remiss in our duties to do otherwise."

kind of order that was entered here, namely one extending the period of parole.

However, we have concluded that Lane should have been given notice and an opportunity to be heard before entry of the order extending the period of his parole. We have reached that conclusion for 3 reasons.

Firstly, Lane was accused, in substance if not in form, of a violation of his parole. He thus was entitled to a hearing as expressly provided in § 40 of the same statute (MCLA, § 791.240 [Stat Ann 1954 Rev § 28.2310]; for text see footnote 1).

Secondly, we are persuaded that the statute contemplates that whenever action is proposed to be taken under § 36 amending, revising, modifying or rescinding an order of parole that notice of the proposed action and an opportunity to be heard thereon should be given the parolee.

The power to amend, revise, modify or rescind an order of parole includes the power to terminate a parole altogether. Surely it was not intended that while one charged with violating his parole is entitled to a hearing under § 40, one who is *not* charged with violating his parole could have his parole terminated without a hearing under § 36.

The only reasonable construction of the statute is that the hearing requirement explicitly applicable under § 34 (MCLA, § 791.234 [Stat Ann 1954 Rev § 28.2304]) where it is proposed to release a prisoner on parole and under § 40 where charges of parole violation have been lodged also applies where it is proposed to amend, revise, modify or rescind an order of parole. A contrary rule would make § 40 superfluous in any case where the parole board amends or rescinds the parole under § 36 without making known its reasons even if, as in this case,

they in fact include the claim that the parolee has violated his parole.

Thirdly, the courts have the duty when called upon to do so to inquire whether the power of amendment, revision, modification and rescission has been exercised by the parole board in an arbitrary manner.

It is true that the statute authorizes the parole board to act in its discretion in exercising the power to amend, revise, modify or rescind an order of parole. MCLA, § 791.236 (Stat Ann 1954 Rev § 28.2306). That discretion is not, however, an unbridled discretion. The parole board may not act arbitrarily.[3] Its decisions are subject to judicial review. Const 1963, art 6, § 28.

The parole power differs from the pardoning power. The latter is constitutionally vested in the governor, elected directly by and accountable directly to the people.[4] The powers of the members of the parole board are statutory. The courts for sound reasons have adopted a policy of noninterference in the actions of parole boards.[5] But that

---

[3] Cf. *In re Colin* (1953), 337 Mich 491, 493, 494; *People v. Overall* (1967), 7 Mich App 153; *McBride v. McCorkle* (1957), 44 NJ Super 468 (130 A2d 881). See, also, Opinion of Mr. Justice THOMAS M. KAVANAGH as attorney general, OAG 1955–1956, No 1938, p 136.

[4] Even the pardoning power has by some courts, although not Michigan's, been subjected to judicial inquiry; see Executive Pardons in the Courts, 21 Mich L Rev 683 (1923).

As to the nature of the pardoning power, see *Rich v. Chamberlain* (1895), 104 Mich 436, 441.

[5] For an enlightening discussion, see Due Process and Revocation of Conditional Liberty, 12 Wayne L Rev 638 (1966); Parole Revocation Procedures, 65 Harv L Rev 309 (1951); 1 Davis, Administrative Law Treatise, § 7.16 (1965 pocket parts).

Worth reading in connection with the foregoing are the proud pronouncements of our Supreme Court on the rights of convicts and parolees through the opinions of Mr. Justice Morse in *People v. Moore* (1886), 62 Mich 496, and *People v. Cummings* (1891), 88 Mich 249. The precise holdings in these cases were, for all practical purposes, superseded when § 47 was added to art 4 of the constitution of 1850 (PA 1903, p 452) authorizing passage of an indeterminate sentence law, but the applicability of the principles expressed in those opinions to the question now presented is apparent.

policy of restraint should not be understood as freeing from judicial review the exercise of the large discretion confided in the parole board. Clearly it would be beyond the competence of the legislature to deprive the courts of their power to review the lawfulness of the administrative action of any body or tribunal established by law, including the parole board.[6]

The courts cannot effectively exercise their power to pass on the action of the parole board in a case such as this unless a record is made which lends itself to such review. It would unduly burden our Court for the parole board to defer making such a record unless and until we order it to be made after reviewing the application seeking relief and the parole board's response case by case.

Accordingly, on this third ground also we hold that Lane should have been given an opportunity before the order was entered extending the period of his parole to attempt to refute the facts, inferences and conclusions on the basis of which such action was taken. See *McGee* v. *Arizona State*

---

See, also, *United States, ex rel. Campbell,* v. *Pate* (CA 7, 1968), 401 F2d 55, ordering a judicial determination of whether the Illinois authorities acted properly in refusing to consider Campbell's petition for parole; cf. *Cooper* v. *Pate* (1964), 378 US 546 (84 S Ct 1733, 12 L Ed 2d 1030).

See, also, *Fleenor* v. *Hammond* (CA 6, 1941), 116 F 2d 982; *People, ex rel. Joyce,* v. *Strassheim* (1909), 242 Ill 359 (90 NE 118); The problems of modern penology & prisoner's rights, 53 Iowa L Rev 671, 709 (1967); Cf. *State* v. *O'Neal* (1928), 147 Wash 169 (265 P 175); *Mason* v. *Cochran* (1950), 209 Miss 163 (46 So 2d 106); *Ex Parte Lucero* (1917), 23 NM 433 (168 P 713, LRA1918C 549); *Hanson* v. *Michigan State Board of Registration in Medicine* (1931), 253 Mich 601, 609.

[6] *Board of Education of Grand Rapids* v. *State Tax Commission* (1939), 291 Mich 50, 54, 62. See, also, *Imlay Township Primary School District No 5* v. *State Board of Education* (1960), 359 Mich 478, 489, *et seq.* (per Mr. Justice BLACK dissenting) for discussion and authorities. Cf. *People* v. *Brundage* (1968), 381 Mich 399 (per Mr. Justice O'HARA, dissenting, with whom Mr. Justice BRENNAN concurred). Generally, see Jaffe, Judicial Control of Administrative Action, ch 9, p 320 *et seq.*

*Board of Pardons and Paroles* (1962), 92 Ariz 317 (376 P2d 779).

Again (see *In re Lane* [1965], 2 Mich App 140, 144), we remind the parole board of its obligation to promulgate and adopt rules and regulations regarding its hearing procedures and to publish them in the manner provided by law. MCLA, § 24.71, *et seq.* (Stat Ann 1961 Rev § 3.560(7), *et seq.*)[7] *Cf. McGee* v. *Arizona State Board of Pardons and Paroles, supra.*

Since the parole board's order extending the period of Lane's parole was invalidly entered it is without force or effect.

The period of Lane's parole having expired without a valid order extending such period having been entered and the parole board having failed to conduct a hearing on the parole violation charges within the 30-day period provided by the statute (MCLA, § 791.240 [Stat Ann 1954 Rev § 28.2310]), the parole board is directed to enter an order pursuant to the statute (MCLA, § 791.242 [Stat Ann 1954 Rev § 28.2312]) discharging Lane from parole.

FITZGERALD, P. J., and T. G. KAVANAGH, J., concurred.

---

[7] That the legislature contemplated the parole board would adopt rules and regulations, see MCLA, §§ 791.233, 791.234, 791.236, 791.240, 791.242; Stat Ann 1954 Rev §§ 28.2303, 28.2304, 28.2306, 28.2310, 28.2312.