500 P.2d 639

**In the Matter of the Application for Writ of Habeas Corpus of David L. Sheppard.**

**David L. SHEPPARD, Appellant,**

**v.**

**The STATE of Arizona ex rel. Frank A. EYMAN, Warden, Arizona State Prison, Appellee.**

**No. 2 CA–CIV 1125.**

Court of Appeals of Arizona, Division 2.

Sept. 8, 1972.

Rehearing Denied Oct. 5, 1972.

Review Denied Oct. 31, 1972.

Treon, Warnicke & Dann by B. Michael Dann, Phoenix, for appellant.

Gary K. Nelson, Atty. Gen., Phoenix by Howard L. Fell, Asst. Atty. Gen., Tucson, for appellee.

KRUCKER, Chief Judge.

This is an appeal from an order entered in habeas corpus proceedings instituted by the appellant to obtain reinstatement to parole status. His parole had previously been revoked by the Parole Board and he resorted to habeas corpus to challenge the legality of the revocation. The thrust of his attack was directed to the procedural aspects of the revocation and to the validity of the conditions of parole.

The lower court agreed that appellant's parole had been illegally revoked in that the revocation proceedings did not comport with due process. The court also decreed that the revocation of parole on the ground of association with persons having a criminal background was invalid and directed that another hearing be held in compliance with the procedural requirements of the Administrative Procedure Act, as amended.[1]

---

1. The recent decision of the United States Supreme Court in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) sets forth the minimum requirements of due process. The court held that after the arrest there should be an inquiry in the nature of a "preliminary hearing" to determine whether

■ The court also found that the "Commandments of Parole" had been promulgated without compliance with the provisions of the Administrative Procedure Act governing adoption of rules. A.R.S. § 41–1001 et seq. Appellant requested the court to amend this order to provide that:

"Since the Parole Board's general conditions or 'Commandments' of parole are invalid by virtue of the Board's noncompliance with the mandatory provisions of the Arizona Administrative Procedure Act, petitioner should now be reinstated to his former status of parolee and that the Board may not retake petitioner or revoke petitioner's parole on the basis of his 1970 conduct which gave rise to the invalid 1970 revocation."

The court declined to amend the judgment as requested, hence this appeal. The propriety of granting a new revocation hearing has become *res judicata* since no appeal therefrom has been taken.

Appellant's position is that since, as found by the lower court, the conditions of parole were invalid because of noncompliance with the Administrative Procedure Act, such conditions cannot support the charge of parole violations. Therefore, he contends that the parole board cannot now rehear the question of whether his 1970 conduct violated such conditions. He states in his brief:

"The result which must follow from the Court's determination of invalidity is appellant's reinstatement into his former status of parole subject to whatever special conditions the Board would see fit to impose in his case and/or subject to such standard conditions, emergency or otherwise, as the Board may validly promulgate under the APA. In other words, the Board cannot now nor in the future find that Sheppard violated a condition of parole that is *itself* invalid. Thus, and insofar as this proceeding is involved at least, he should not be ordered returned to prison for another hearing—there is simply nothing to hear."

Both parties to this appeal have argued extensively in their respective briefs as to the applicability of the Administrative Procedure Act to matters of parole. Although we find it unnecessary to decide this question for purposes of this appeal, we note that other courts have held that the Act does not apply to parole proceedings. E. g., Hyser v. Reed, 115 U.S.App.D.C. 254, 318 F.2d 225 (1963); Gibson v. Markley, 205 F.Supp. 742 (D.C.1962); In re Tucker, 5 Cal.3d 171, 95 Cal.Rptr. 761, 486 P.2d 657 (1971); Johnson v. Stucker, 203 Kan. 253, 453 P.2d 35 (1969), cert. den. 396 U.S. 904, 90 S.Ct. 218, 24 L.Ed.2d 180; Hendrickson v. Pennsylvania State Board of Parole, 409 Pa. 204, 185 A.2d 581 (1962).[2]

■ Parole becomes effective only when accepted by the prisoner. Ex parte Snyder, 81 Okl.Cr. 34, 159 P.2d 752

---

there is probable cause of reasonable grounds to believe that the arrested parolee has committed acts which would constitute a violation of parole conditions. There must then be, if desired by the parolee, a revocation hearing prior to the final decision on revocation by the parole authority. As to this second phase, the court stated:

"Our task is limited to deciding the minimum requirements of due process. They include (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the fact-finders as to the evidence relied on and reasons for revoking parole." 408 U.S. at 488, 92 S.Ct. at 2604, 33 L.Ed.2d at 484.

2. Although not called upon to resolve this question, we find the following contrary dictum in McGee v. Arizona State Board of Pardons and Paroles, 92 Ariz. 317, 376 P.2d 779 (1962):
"By A.R.S. § 41–1004, the rules and regulations of state agencies must be filed in the Office of the Secretary of State. No rules or regulations of any kind have been filed by the Board in compliance with the statute." 92 Ariz. at 319, 376 P.2d at 780.

(1945); 67 C.J.S. Pardons § 21. He has a right to reject an offer of parole, but once having elected to accept it he is bound by the express terms of the conditions of release. Burgess v. Cunningham, 205 Va. 623, 139 S.E.2d 110 (1964); Application of Kimler, 37 Cal.2d 568, 233 P.2d 902 (1951), cert. den. 342 U.S. 898, 72 S.Ct. 233, 96 L. Ed. 672; Rider v. McLeod, 323 P.2d 741 (Okl.Cr.1958); State v. Van Dorn, 43 N. J.Super. 406, 128 A.2d 871 (1957); Woods v. State, 264 Ala. 315, 87 So.2d 633 (1956).

■ There is no question but that appellant accepted parole and therefore he is estopped from denying that he agreed to its terms and conditions. In re Cammarata's Petition, 341 Mich. 528, 67 N.W.2d 677 (1954). In the case of Mansell v. Turner, 14 Utah 2d 352, 384 P.2d 394 (1963), the Utah Supreme Court affirmed denial of habeas corpus relief to a convict who was granted a termination of sentence by the Board of Pardons, conditioned on his leaving the state and providing that if he returned he would be re-imprisoned. He agreed to the conditions, paid no attention to them, stayed in Utah, and therefore was returned to the state prison. He contended that the conditional termination amounted to a banishment and was therefore void. The Utah Supreme Court, in rejecting his contention, stated:

> "If the conditional termination were void, petitioner has no complaint as to recommitment to prison, since the compact was nudum pactum.
>
> If he takes the inconsistent position that it was valid but unenforceable, the same result should inhere, since it would be against public policy unilaterally to enforce it in favor of the felon as against the state, but unenforceable by the latter,—particularly when the whole tenor of the conditioned compact was a matter of grace to the former.
>
> . . . [T]he Board is authorized to release prisoners on condition. Under what conditions, the legislation is silent,

but the authority obviously is plenary. The prisoner may reject the conditions and serve out his term. It hardly lies in his mouth to accept such conditions, obtain his release from confinement and then blithely contend his sentence is terminated and he is free as a bird." 384 P.2d at 395.

We hold that the lower court properly rejected appellant's request to reinstate him to parole status. Having accepted the conditions of parole[3] and thereby achieving his release on parole, he is now estopped from attacking their validity.

Affirmed.

HATHAWAY and HOWARD, JJ., concur.

---

3. Appellant made no contention that the conditions were unlawful or impossible to perform.