564 P.2d 79

Arlen D. THOMAS, Petitioner,

v.

**ARIZONA STATE BOARD OF PARDONS AND PAROLES et al., John J. Moran, Director, Department of Corrections, Harold J. Cardwell, Warden, Arizona State Prison, Respondents.**

No. H–365–3.

Supreme Court of Arizona, In Banc.

April 15, 1977.

Bruce E. Babbitt, Atty. Gen. by Crane McClennen, Asst. Atty. Gen., Phoenix, for respondents.

Arlen D. Thomas, in pro per.

HOLOHAN, Justice.

The petitioner, Arlen Thomas, seeks relief by a writ of habeas corpus contending that he is illegally detained in the state prison. He contends that the respondents have improperly revoked his parole. The petitioner asks that he be released from prison and restored to the status of parole.

The respondents deny that the petitioner was in a parole status, and they contend that the petitioner was an inmate in a tem-

porary release status pursuant to A.R.S. § 31 233(B).

In the minutes of the Board of Pardons and Paroles for May 19, 1976, the following appears:

"Motions were made and seconded that paroles be granted to the following inmates subject to an approved program and the conditions as listed.

| Number | Name | Conditions |
|---|---|---|
| 21411, CS20327, 21409 | Arlen Thomas | General Parole" |

The petitioner was issued a document entitled "A Proclamation of Parole" in which it is stated that, ". . . the Board of Pardons and Paroles of the State of Arizona, . . ., does grant parole to the said Arlen Thomas . . . . This Parole is granted upon the terms and conditions specified by the Department of Corrections for conduct while on parole and any conditions of the Board of Pardons and Paroles, as set forth below: General Parole granted subject to approved program . . . ."

Petitioner stated that upon his release he was given a list of rules with which to comply. One was to report his current address to his parole officer. He says that because his first place of residence was condemned he had to move. He claims to have mailed a postcard so stating to the Department of Corrections.

He further states that on September 2, 1976, he was arrested for a "parole violation" and placed in the Maricopa County Jail until September 9, 1976, when he was returned to prison. He claims that he was given no hearing of any sort.

The state does not deny the absence of a hearing but claims that the petitioner was merely on a temporary release pursuant to A.R.S. § 31–233(B).

"B. Under specific regulations established by the director for the selection of inmates, the director may also authorize furlough, temporary removal or temporary release of any inmate for compassionate leave, for the purpose of furnishing to the inmate medical treatment not available at the prison or institution, for purposes preparatory to a return to the community within ninety days of his release date or for disaster aid, including local mutual aid and state emergencies *or for any purpose consistent with the rules and regulations of the department.* When an inmate is temporarily removed or temporarily released for a purpose preparatory to return to the community or for compassionate leave, the director may require the inmate to reimburse the state, in whole or part, for expenses incurred by the state in connection therewith." (Emphasis supplied.)

By affidavit, the Chairman of the Board of Pardons and Paroles states that it was Board practice to grant paroles "subject to an approved program." At a minimum, an approved program contains a designated place to reside and a job, job-training program or school program. In assisting the prisoner to construct a program, the Department of Corrections will grant a temporary release to enable the prisoner to obtain employment.

Upon submission and approval of a program, the Board will then order the prisoner released on parole. The Chairman said that as of May 19, 1976, the petitioner was eligible for parole, but was not eligible for release on parole because there was no employment available to him upon release.

We have no reason to doubt the truth of what the Chairman says, but we can find no legal basis for the distinction which he draws. The crucial point in determining the petitioner's status is not judged by the individual intentions of the members of the parole board. In *McGee v. Arizona State Board of Pardons and Paroles,* 92 Ariz. 317, 376 P.2d 779 (1962), this court held that the parole board was required by statute, A.R.S. § 41–1004, to file its rules and regulations with the Secretary of State. The suggestion in *Sheppard v. State ex rel. Eyman,* 18 Ariz.App. 108, 500 P.2d 639 (1972), that the parole board is exempt from the requirements of the Administrative Procedure Act is expressly overruled, and we adhere to our ruling in *McGee.* The Board has filed rules and regulations with the Secretary of State. A.C.R.R. R5–4–01

et seq. There is nothing in those regulations which suggests that the Board has the procedure described by its Chairman.

■ In compliance with its regulations the Board's action was entered in the minutes, and those minutes reflect that the petitioner was granted a general parole. Parole is the conditional release from imprisonment which entitles the parolee to serve the remainder of his term outside the confines of an institution, if he satisfactorily complies with all the terms and conditions provided in the parole order. *Mileham v. Arizona Board of Pardons and Paroles,* 110 Ariz. 470, 520 P.2d 840 (1974).

■ Despite the language in the minutes of the parole board, the respondents contend that the petitioner was not on parole but on a temporary release status pursuant to A.R.S. § 31 233(B). That statute requires that so-called temporary releases be made pursuant to the rules and regulations of the Department of Corrections. Respondents have not provided us with any such rules or regulations, and the Department of Corrections has never filed any rules or regulations with the Secretary of State. Since no rule or regulation can be effective until it is certified and filed with the Secretary of State (A.R.S. § 41 1004), we find the contention that the petitioner was on a temporary release to be without merit.

■■ We agree with the petitioner that he was in fact on parole. In order to revoke the petitioner's parole, the state must comply with the requirements of due process and grant him a hearing. *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). This has not been done.

It is ordered that the petitioner, Arlen Thomas, be released from prison and restored to parole status unless this Court is advised within thirty days from the issuance of its mandate that a parole revocation hearing has been conducted and completed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and GORDON, JJ., concurring.