610 P.2d 1044

**Timothy L. MALUMPHY, Petitioner,**

v.

**Ellis MacDOUGALL, Director, Department of Corrections, Respondent.**

No. M–192–2.

Supreme Court of Arizona.

March 26, 1980.

Rehearing Denied May 13, 1980.

Timothy L. Malumphy, in pro. per.

Robert K. Corbin, Atty. Gen. by Jay R. Adkins, Asst. Atty. Gen., Phoenix, for respondent.

PER CURIAM.

Petitioner, a prisoner at the state prison, sought relief by special action to require the Director of the Department of Corrections to comply with the provisions of the Administrative Procedures Act, A.R.S. § 41–1001 et seq., by filing with the Secretary of State certain rules and regulations governing inmate custody criteria.

The Director of Corrections states in his response that the regulations in question have not been filed with the Secretary of State because the regulations are merely statements 'concerning only the internal management of the agency and exempt from the requirement for filing. A.R.S. § 41–1001(7).

We accepted jurisdiction and grant the relief sought.

Since *Thomas v. Arizona State Board of Pardons and Paroles*, 115 Ariz. 128, 564 P.2d 79 (1977) we have indicated the necessity for the Department of Corrections to file its rules and regulations as required by the Administrative Procedures Act. In *Brown v. State*, 117 Ariz. 476, 573 P.2d 876 (1978) we again noted that the Department of Corrections was under a legal obligation to file its regulations prescribing its policies and practices.

The Department's regulations dealing with classifications which affect the various levels of custody of prisoners is not merely an internal matter. The regulations in fact prescribe policy and set forth procedures and practices of the agency. Additionally, the unfiled regulations materially affect the type of existence a sentenced prisoner will endure, which ranges from "intensive" custody, twenty-four-hour lockup, to "trusty." Regulations of this type which affect such important interests are the type of regulations which must be filed with the Secretary of State.

The Director of Corrections shall file the regulations in question with the Secretary of State as required by law or, pursuant to A.R.S. § 41–1004, the regulations remain without force or effect.

STRUCKMEYER, C. J., HOLOHAN, V. C. J., and HAYS, CAMERON and GORDON, JJ., concur.