698 P.2d 1298

**William R. THOMAS,
Plaintiff-Appellant,**

v.

**ARIZONA DEPARTMENT OF TRANSPORTATION, DIVISION OF MOTOR VEHICLES, Defendant-Appellee.**

**No. 1 CA–CIV 6758.**

Court of Appeals of Arizona,
Division 1, Department B.

April 16, 1985.

Robert K. Corbin, Atty. Gen. by Peter C. Gulatto, Asst. Atty. Gen., Phoenix, for appellee.

William R. Thomas, in pro. per.

## OPINION

FROEB, Judge.

The Arizona Department of Transportation, Division of Motor Vehicles (Department), denied appellant William R. Thomas renewal of his driver's license because of a history of epileptic seizures. The case was appealed to superior court and the denial was upheld. The present appeal is submitted on the following stipulated facts.

On July 17, 1981, appellant's license to operate a motor vehicle expired. Thereafter, in September of 1981, appellant made application for a new license. On the license application appellant indicated that he was an epileptic subject to seizures which condition was being treated by medication and that he had *not* been seizure-free for a period of one year prior to the filing of the application. The Department denied the license under A.R.S. § 28–413 on the basis that it had good cause to believe that the operation of a motor vehicle on the highways by appellant would be inimical to public safety or welfare.

Appellant then requested a hearing on the denial of the requested license, which was held on November 9, 1981, before Hearing Officer Michael Groom of the Arizona Department of Transportation, Motor Vehicle Division, Flagstaff, Arizona. The decision to deny appellant a license was affirmed.

On appeal to the superior court, appellant presented testimony through Michael G. Hummer, M.D., a neurologist, who stated that the appellant's seizures were well controlled on medication and that he had a relatively long warning period which would allow him to bring a car to a halt without injury to other people. Dr. Hummer did indicate that the standard adopted by the Medical Advisory Board and as established by the American Medical Association was a reasonable standard insofar as it recommended a one-year seizure-free period before a driver's license should issue to a person subject to seizures who was being treated by medication. The superior court affirmed the decision of the Motor Vehicle Division.

On or about January 7, 1982, appellant was issued a driver's license since one

year had elapsed from his last seizure. Although the issuance of the license renders the issue in this case moot, it is one which tends to escape appellate review and we conclude that the filing of an opinion is therefore appropriate.

The sole question on appeal is whether the seizure disorder standard recommended by the Medical Advisory Board could be applied against appellant when it had not been officially promulgated as a rule of the Department.

At the outset, it should be stressed that this is not a review of the propriety of the one-year seizure-free standard itself. We are only concerned with whether the standard had to be formalized as a rule before it could be applied.

A medical advisory board is established by A.R.S. § 28–432 to recommend medical and vision standards for driver's license applicants. *See* A.R.S. § 28–433(2)(a). The standard recommended by the Medical Advisory Board (also recommended by the American Medical Association) is that prior to issuing a driver's license to a person who is subject to seizures, the individual must be seizure-free for one year, if on medication, and two years, if not on medication. This standard was followed by the Department in processing driver's license applications as set forth in a directive to all driver's license examiners, dated October 27, 1980.

■ Appellant is an epileptic subject to seizures and is on medication for the condition. The appellant had his last seizure on or about January 7, 1981.

Relying upon the provisions of A.R.S. § 41–1001 *et seq.*, appellant argues that the standard should have been adopted as a rule with the requisite filing, notice and hearings before it could be relied upon as a basis for denying him renewal of his driver's license. We agree.

A.R.S. § 41–1001 defines "rule" as follows:

each agency statement of general applicability that implements, interprets or prescribes law or policy, or describes the

organization, procedure, or practice requirements of any agency. The term ... does not include statements concerning only the internal management of any agency and not affecting private rights or procedures available to the public, or declaratory rulings issued pursuant to § 41–1007 or intra-agency memoranda.

The standard recommended by the Medical Advisory Board, as applied by the Department, is "an agency statement of general applicability that ... prescribes ... policy ... of an agency." As such, it was required to be adopted as a rule after notice and hearings, and filing with the Secretary of State. A.R.S. §§ 41–1002, 41–1002.01 and 41–1004. *See Malumphy v. MacDougall*, 125 Ariz. 483, 610 P.2d 1044 (1980) and the cases cited therein.

The Department argues that there is no requirement that an agency translate all standards into formal and detailed rules before they are applied to a particular case. It contends that an agency may proceed in a case-by-case determination of whether there is good cause to believe the operation of a motor vehicle on the highways by an applicant is inimical to public safety and welfare. *See* A.R.S. § 28–413. The Department is correct, but its argument does not help it in this case.

■ The duty of the Department under A.R.S. § 28–413(A)(8) is to identify driver's license applicants who may, for any one of many reasons, be dangerous to other persons using the highways. The absence of an official rule does not prevent the Department from denying an applicant a license where it can demonstrate that operation of a vehicle by the applicant on the highways would be inimical to public safety and welfare. In such a case, absent a rule, the Department would need to prove by evidence, perhaps by expert opinion, that an applicant comes within the category of A.R.S. § 23–413(A)(8). It could have attempted to do this in the present case, but it did not. Instead, the Department relied upon "policy" born out of a recommendation of the Medical Advisory Board. We hold this was not evidence which would

sustain the action of the Department absent an appropriate rule. The only evidence presented in the case supported appellant's contention that he was safe to drive.

For the reasons set forth, the judgment is reversed and the case is remanded for whatever further proceedings, if any, are appropriate.

GREER and GRANT, JJ., concur.