838 P.2d 1358

Brad **WILKINSON**, Plaintiff/Appellant,

v.

**STATE of Arizona; Arizona Department of Corrections; and Director Sam Lewis, Defendants/Appellees.**

No. 2 CA–CV 92–0061.

Court of Appeals of Arizona, Division 2, Department B.

Aug. 25, 1992.

Redesignated as Opinion Sept. 23, 1992.

**598**

Brad Wilkinson, in pro. per.

Grant Woods, Atty. Gen. by Michael J. Cianci, Phoenix, for defendants/appellees.

## OPINION

DRUKE, Presiding Judge.

Appellant is an inmate in the custody of the Arizona Department of Corrections (DOC). He appeals from an adverse summary judgment on his complaint for declaratory judgment challenging certain aspects of the DOC's policy regarding religious visitation. We have jurisdiction pursuant to A.R.S. § 12–120.21.

## FACTS

Appellant was sentenced in 1977 to two concurrent 20– to 50–year prison terms. The first ten years were served at the Florence maximum security prison. During this period, appellant experienced no difficulty in receiving weekly religious visitation. Difficulty began, however, shortly after appellant was moved to the Tucson Prison Echo Unit.

A few months before the move, the DOC implemented Internal Management Policy No. 207 (Policy 207) containing certain rules dealing with religious visitation. These rules caused appellant's minister, whose visitation had not been impeded previously, to be denied visitation repeatedly and for a variety of reasons. As the minister put it in a letter apologizing for the long delay in visiting appellant: "I guess they keep changing the rules[;] in fact, I get different directions from different people."

## DISCUSSION

In granting summary judgment against appellant, the trial court concluded that it was "lawful for [the] DOC to promulgate policy to govern religious visits...." We review this conclusion of law *de novo*, as there are no disputed issues of fact. *Tovrea Land & Cattle Co. v. Linsenmeyer*, 100 Ariz. 107, 114, 412 P.2d 47, 51 (1966).

Our supreme court has steadfastly indicated the necessity for the DOC to file its rules and regulations as required by the Administrative Procedure Act (APA), A.R.S. §§ 41–1001, *et seq. See Thomas v. Arizona State Board of Pardons & Paroles*, 115 Ariz. 128, 564 P.2d 79 (1977) (inmate on general parole and not temporary release when DOC failed to adopt requisite implementing rules pursuant to APA); *Brown v. State*, 117 Ariz. 476, 573 P.2d 876 (1978) (DOC must comply with APA and file its rules involving good-time credits with secretary of state); *Malumphy v. MacDougall*, 125 Ariz. 483, 610 P.2d 1044 (1980) (rules affecting inmate custody without force or effect until DOC complies with APA).

The DOC contends, however, that the religious visitation rules found in Policy 207 are exempt from the APA pursuant to A.R.S. § 41–1005(A)(7), a statute enacted after the above cases were decided. While this statute exempts from the APA any rule "concerning only inmates of a correctional or detention facility," the religious visitation rules are not, as the DOC argues,

rules "concerning only inmates." That phrase, given its plain and natural meaning, *Ring v. Taylor,* 141 Ariz. 56, 685 P.2d 121 (App.1984), means rules which relate or refer to inmates alone. *See Webster's Third New International Dictionary* (1971). The religious visitation rules embodied in Policy 207 are not so limited.

For example, rule 5.6.1 stated the following as originally promulgated:

Religious visitation shall encourage contact between *religious leaders* and inmates or juvenile offenders. Visits by *religious leaders* may be denied only because such a visit is deemed to be a threat to the safety and security of the institution.

(Emphasis added.) Although "religious leaders" was deleted from rule 5.6.1 when it was subsequently amended and renumbered 6.4.2.1, the DOC contemporaneously adopted rule 6.4.2.3, which states:

The Warden, Superintendent or chaplain shall consult the ADC Administrator of Pastoral Activities when there is a question regarding the validity of credentials of *religious leaders* requesting offender visitation.

(Emphasis added.) It is thus apparent that the DOC's religious visitation rules concern not just the inmates, but also the religious leaders who visit them. Accordingly, the rules are not exempt from the formal rulemaking process of the APA, and until they or similar rules affecting religious visitation are promulgated lawfully, they are invalid pursuant to A.R.S. § 41–1030. We therefore reverse the trial court's grant of summary judgment on this issue.

We affirm, however, the trial court's denial of appellant's claim that he was entitled to an order granting religious visits under the "special visits" section of the DOC's newly enacted general visitation rules. *See* Arizona Administrative Code Section R5–1–111 (formerly R5–1–1011). Section R5–1–111 does not specifically provide an exemption for religious visitors from the general visitation rules. Thus, until specific rules relating to religious visitation are formally adopted by the DOC pursuant to the requirements of the APA, appellant's religious visits are to be governed, as are other types of visits, by the general visitation rules. *See* Sections R5–1–101 through R5–1–117.

## CONCLUSION

We therefore affirm the trial court's order dealing with special visits and grant appellant's motion for summary judgment as to the invalidity of the portion of Policy 207 dealing with religious visits.

FERNANDEZ and LACAGNINA, JJ., concur.