NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

ANTHONY JAMES MERRICK, III, *Plaintiff/Appellant*,

*v.*

ARIZONA BOARD OF EXECUTIVE CLEMENCY, et al.,
*Defendants/Appellees.*

No. 1 CA-CV 19-0836
FILED 10-13-2020

---

Appeal from the Superior Court in Maricopa County
No.  LC2019-000173-001
The Honorable Douglas Gerlach, Judge

**AFFIRMED**

---

COUNSEL

Anthony James Merrick, III, Florence
*Plaintiff/Appellant*

Arizona Attorney General's Office, Phoenix
By Kelly Gillilan-Gibson
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Chief Judge Peter B. Swann joined.

---

**B A I L E Y**, Judge:

**¶1**             Plaintiff/Appellant Anthony James Merrick, III, seeks review of the superior court's November 1, 2019 denial of special action relief. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**             In 2011, Merrick was convicted of several offenses related to a fraudulent gift-card scheme and sentenced to thirty-five years' imprisonment. *See In re Merrick*, No. 1 CA-CV 18-0719, 2019 WL 6133671, at *1, ¶ 1 (Ariz. App. Nov. 19, 2019) (mem. decision). This court affirmed his convictions in 2012. *Id.*; *see State v. Merrick*, 1 CA-CR 11-0549, 2012 WL 4955425, at *1, ¶ 1 (Ariz. App. Oct. 18, 2012) (mem. decision), *review granted, decision vacated.*[1] Merrick twice sought post-conviction relief, and in both cases this court granted review but denied relief. *State v. Merrick*, No. 1 CA-CR 18-0656 PRPC, 2019 WL 386072, at *1, ¶ 4 (Ariz. App. Jan. 31, 2019) (mem. decision); *State v. Merrick*, No. 1 CA-CR 15-0596 PRPC, 2017 WL 6567944 at *1, ¶ 4 (Ariz. App. Dec. 26, 2017) (mem. decision).

**¶3**             In June 2018, Merrick applied to the Arizona Board of Executive Clemency ("Board") for commutation of his sentence. *See* A.R.S. §§ 31-441 to -446. Merrick received a month's notice that an in-absentia Phase I Commutation of Sentence Hearing was set for April 2019.[2] After the hearing, the Board voted not to pass Merrick's application to Phase II.

---

[1]         *See* Arizona Supreme Court Minutes Regarding Petitions for Review (Aug. 26, 2014), http://www.azcourts.gov/Portals/21/MinutesCurrent/ PR_Min_082614.pdf (remanding for recommendation in light of *Coleman v. Johnsen*, 235 Ariz. 195 (2014)).

[2]         Pursuant to the Board's policy, commutation hearings proceed in two phases. Ariz. Bd. of Exec. Clemency, Bd. Policy # 115.6 4–5 (May 7,

**¶4**　　　　A month later, Merrick attempted to appeal the Board's denial in the superior court pursuant to A.R.S. §§ 12-901 to -914.  The State moved to treat the challenge as a special action, arguing §§ 12-901 to -914 were inapplicable to Board decisions.  The court granted the motion and ordered Merrick to file a compliant petition for special action, and about two months later, Merrick filed a petition in the superior court.  He argued the Board: (1) was not legally authorized to hear and determine his application; (2) was required to pass his application to a Phase II hearing or to make a recommendation to the governor; and (3) had a duty to provide him the Board members' names, access to hearing records, and appeal rights.

**¶5**　　　　The superior court accepted jurisdiction but denied relief.  It concluded Merrick had failed to support his first and second claims with evidence and authority and was not denied due process.  Merrick timely appealed.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.01(A)(1) and -2101(A)(1).

## DISCUSSION

**¶6**　　　　Merrick renews the arguments he brought before the superior court.  We construe these as challenges to the court's conclusions that Merrick: (1) failed to support his first argument with evidence; (2) failed to support his second argument with authority; and (3) was not denied due process.

I.　　　Standard of Review

**¶7**　　　　We review the superior court's denial of special action relief for an abuse of discretion.  *Am. Furniture Warehouse Co. v. Town of Gilbert*, 245 Ariz. 156, 164, ¶ 30 (App. 2018).  In doing so, "we view the facts in the light most favorable to sustaining the court's ruling." *Abeyta v. Soos ex rel. Cty. of Pinal*, 234 Ariz. 190, 192, ¶ 2 (App. 2014) (quoting *Hornbeck v. Lusk*, 217 Ariz. 581, 582, ¶ 2 (App. 2008)).

---

2018), https://boec.az.gov/sites/default/files/documents/files/114-Commutation%20of%20Sentence%20Rev%2005-2018.pdf.  In Phase I, the Board reviews the defendant's application and the defendant is not present. *Id.* § 6.2.  After the Phase I hearing, the Board determines by vote whether to pass the application to Phase II.  *Id.* §§ 6.2, 6.4(a).  The Phase II hearing includes the defendant. *Id.* § 6.3.  After the Phase II hearing, the Board votes whether to recommend commutation to the governor. *Id.* § 6.4(b).

**¶8** The Board has the sole power to make recommendations to the governor for commutation of sentence. A.R.S. § 31-402(A), (C)(2). Because of this, courts of this state are precluded from reviewing the Board's decisions. *See Stinson v. Ariz. Bd. of Pardons & Paroles*, 151 Ariz. 60, 61 (1986); *see also In re Hamm*, 211 Ariz. 458, 461, ¶ 8 n.2 (2005) (clarifying that "[t]he Board of Pardons and Paroles is now the Arizona Board of Executive Clemency"). "Judicial review is available, however, 'to insure that the requirements of due process have been met and that the . . . [B]oard has acted within the scope of its powers.'" *Stinson*, 151 Ariz. at 61 (quoting *Cooper v. Ariz. Bd. of Pardons & Paroles*, 149 Ariz. 182, 184 (1986)).

II.    The superior court did not err by rejecting Merrick's claim that the Board was improperly constituted.

**¶9** Merrick first argues the superior court erred by rejecting his argument that the Board was improperly constituted. He claimed below and in this court that all five members of the Board were in the same profession in violation of A.R.S. § 31-401(B) ("No more than two members from the same professional discipline shall be members of the board at the same time.") and the Due Process Clauses of the Arizona and United States Constitutions.

**¶10** The superior court did not err by rejecting this claim. As the court noted, Merrick did not support his petition with any evidence indicating the Board was improperly constituted. The State, in contrast, provided evidence that the Board was properly constituted. "Generally, the party asserting a claim for relief has the burden of proving the facts essential to his claim." *Woerth v. City of Flagstaff*, 167 Ariz. 412, 419 (App. 1990). Further, the superior court "is in the best position to . . . resolve conflicting evidence," *Shah v. Vakharwala*, 244 Ariz. 201, 204, ¶ 12 (App. 2018) (quotation omitted), and we will not reweigh conflicting evidence on appeal, *Femiano v. Maust*, 248 Ariz. 613, 616, ¶ 14 (App. 2020). Because Merrick failed to support his claim with evidence, and because the State rebutted his claim, the superior court did not abuse its discretion by rejecting Merrick's argument that the Board was improperly constituted.

**¶11** Because Merrick failed to show the Board was improperly constituted, Merrick has also failed to show a violation of due process. *See Wigglesworth v. Mauldin*, 195 Ariz. 432, 435, ¶ 6 (App. 1999) ("An inmate's interest in commutation . . . does not by itself trigger due process protections because there is no entitlement to reduction of a valid sentence. . . . However, if state statutes mandate commutation or parole via specified criteria, an interest protected by the Due Process Clause may arise.")

(citations omitted). The court did not err by rejecting Merrick's due process claim.

III.    The superior court did not err by rejecting Merrick's claim that the Board was required to pass Merrick's application to a Phase II hearing or to recommend commutation to the governor.

**¶12**        Merrick next argues the superior court erred by rejecting his argument that the Board was required to pass his application to a Phase II hearing or to recommend commutation to the governor. He argued below and in this Court that substantive due process required the Board to pass his application to Phase II or to recommend commutation.

**¶13**        The superior court did not err by rejecting this claim because the Board: (1) has authority to "adopt rules, not inconsistent with law, as it deems proper for the conduct of its business," A.R.S. § 31-401(G); and (2) has discretion to make commutation recommendations to the governor, A.R.S. § 31-402(C).

**¶14**        To the extent Merrick challenges the Board's Phase I/Phase II framework, Merrick does not cite any legal authority indicating these rules were inconsistent with law. *See Woerth*, 167 Ariz. at 419 ("Generally, the party asserting a claim for relief has the burden of proving the facts essential to his claim."). We have found no authority indicating the Phase I/Phase II framework is inconsistent with the law applicable to the Board or the commutation process. *See* A.R.S. §§ 31-401 to -404 (statutes applicable to the Board); A.R.S. §§ 31-441 to -446 (statutes applicable to reprieves, commutations, and pardons).

**¶15**        To the extent Merrick argues the Board was required to make a commutation recommendation, his argument fails. As Merrick recognized in his petition for special action, § 31-402(C)(2) provides that the Board, in relevant part,

> *may* make recommendations to the governor for commutation of sentence after finding by clear and convincing evidence that the sentence imposed is clearly excessive given the nature of the offense and the record of the offender and that there is a substantial probability that when released the offender will conform the offender's conduct to the requirements of the law.

(Emphasis added).

**¶16** The statute gives the Board discretion to make recommendations to the governor. *See Clark v. Clark*, 239 Ariz. 281, 282, ¶ 8 (App. 2016) (recognizing that a statute's use of "may" when describing exercise of authority generally connotes discretion). The discretion is not without limits; before exercising discretion, the Board must first find by "clear and convincing evidence that the sentence imposed is clearly excessive given the nature of the offense and the record of the offender *and* that there is a substantial probability that when released the offender will conform the offender's conduct to the requirements of the law." A.R.S. § 31-402(C)(2) (emphasis added); *see Zadvydas v. Davis*, 533 U.S. 678, 697 (2001) (recognizing that although "may" indicates discretion, it does not necessarily suggest unlimited discretion). However, because no other language in the statute limits the Board's discretion, the Board may refrain from making a recommendation even if it makes these findings. *Compare* A.R.S. § 31-402(C) ("the [Board] *may* . . . , after finding . . . .") (emphasis added), *with* A.R.S. § 8-873.01(C) ("If the court finds . . . , the court *shall* . . . .") (emphasis added); *see Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016) (characterizing "shall" as mandatory); *see also Banks v. Ariz. State Bd. of Pardons & Paroles*, 129 Ariz. 199, 201 (App. 1981) ("[C]ommutation is a matter of grace, not of right.").

**¶17** Here, Merrick was not restricted from presenting information to the Board, and he was provided the requisite notice of the proceedings.[3] There is no evidence of improper deliberations by the Board, and Merrick has not otherwise established a violation of due process. Accordingly, the trial court did not err by rejecting Merrick's claim that § 31-402(C) or the Arizona or United States Due Process Clauses required the Board to pass

---

[3] As stated *supra* ¶ 3, Merrick received a month's notice of the hearing. The notice identified the Board's chairman, provided Merrick with the Board's address and phone number, and informed Merrick that "[a]ny written statements for the Board['s] consideration should be submitted to the Board office by the last day of the month prior to the scheduled month of the hearing." *See* Ariz. Bd. of Exec. Clemency, Bd. Policy # 115.6 §§ 6.1-6.2 4, https://boec.az.gov/sites/default/files/documents/files/114-Commutation%20of%20Sentence%20Rev%2005-2018.pdf (requiring Board to consider all materials provided to it). The Board also published the date of Merrick's Phase I hearing on its Hearing Post Sheet. *See* Ariz. Bd. of Exec. Clemency, Bd. Policy # 117.02 § 2.2.1 3 (July 6, 2017), https://boec.az.gov/sites/default/files/documents/files/117-Board%20Hearing%20Calendar_0.pdf (requiring Board to publish a Notice of Board Hearings on the Board's website and to post a hard-copy in the public area at the Board's location).

his application to a Phase II hearing or make a recommendation to the governor.

IV.     The superior court did not err by rejecting Merrick's claim that the Board failed to provide him with reasons for denying his application, the Board members' names, and transcripts of the Phase I hearing.

¶18     Merrick next argues the superior court erred by rejecting his claim that the Board failed to provide him with the reasons for the Board's denial, the Board members' names, and transcripts of the Phase I hearing. He asserts the Board's failure to provide this information denied him due process.

¶19     "An inmate's interest in commutation of his sentence does not by itself trigger due process protections because there is no entitlement to reduction of a valid sentence." *Wigglesworth*, 195 Ariz. at 435, ¶ 6. "However, if state statutes mandate commutation or parole via specified criteria, an interest protected by the Due Process Clause may arise." *Id.* In the context of commutation, this Court has held "[d]ue process of law requires notice and an opportunity to be heard," *McGee v. Ariz. Bd. of Pardons & Paroles*, 92 Ariz. 317, 320 (1962), but it "does not require that applicants for commutation be provided with reasons for [a] denial," *Banks*, 129 Ariz. at 202.

¶20     The superior court did not err by concluding Merrick's due process rights were not violated. In the superior court, Merrick did not identify any applicable statutes requiring the Board to provide him with the Board members' names and a transcript of the Phase I hearing, and our review reveals no such requirement. *See* A.R.S. §§ 31-401 to -404 (statutes applicable to the Board); A.R.S. § 31-441 to -446 (statutes regarding reprieves, commutations, and pardons); Ariz. Bd. of Exec. Clemency, Bd. Policy # 114.1 to 114.7, https://boec.az.gov/sites/default/files /documents/files/114-Commutation%20of%20Sentence%20Rev%2005-2018.pdf (outlining "the general procedures and guidelines associated with the eligibility and processing of Commutation of Sentence applications and subsequent Board determinations"). Instead, Merrick cited §§ 12-904 and -910, which are inapplicable to the Board's decision. *See State ex rel. Ariz. State Bd. of Pardons & Paroles v. Superior Court*, 12 Ariz. App. 77, 81 (1970) (holding these statutes are "not available to review the recommendations or absence of recommendations of the Board" because "in the field of commutation, at least, the Board does not 'adjudicate,' it can only recommend or decline to recommend").

¶21 Absent statutory requirements, due process only requires "notice and an opportunity to be heard," *McGee*, 92 Ariz. at 320, which Merrick received. Further, Board members' names are publicly available, *see* Ariz. Bd. of Exec. Clemency, Board Members, https://boec.az.gov/node/726 (last visited Oct. 2, 2020), and the Board sent Merrick a CD audio recording of his commutation hearing upon request, *see Merrick v. Ariz. Bd. of Exec. Clemency*, No. 1 CA-CV 19-0771, 2020 WL 3583259, at *1, ¶ 2 (Ariz. App. July 2, 2020) (mem. decision). The Board also published the audio recording in accordance with Board policy. *See also* Ariz. Bd. of Exec. Clemency, Bd. Policy # 105.04 § 4.1 4 (July 6, 2017), https://boec.az.gov/sites/default/files/documents/files/105-Open Meeting_0.pdf (stating "[t]he Board's official record of its mandated hearings relating to inmates . . . shall be audio copies of each hearing," and requiring the Board's executive director to "ensure that a copy of the recording or the minutes of any hearing . . . be made available for public review within three business days, excluding holidays, after a hearing"); Ariz. Bd. of Exec. Clemency, Board Weekly Agenda (April 11, 2019), https://boec.az.gov/board-hearing-minutes/april-11-2019 (last visited Oct. 2, 2020) (providing audio recording of Merrick's Phase I hearing). The superior court correctly concluded that Merrick's due process rights were not violated.

## CONCLUSION

¶22 Because the superior court did not abuse its discretion by denying relief, we affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA