612 P.2d 57

Charles ATHANS, D. D. S.,
Plaintiff/Appellant,

v.

ARIZONA STATE BOARD OF DENTAL
EXAMINERS, Defendant/Appellee.

No. 2 CA–CIV 3408.

Court of Appeals of Arizona,
Division 2.

March 28, 1980.

Rehearing Denied May 7, 1980.

Review Denied May 28, 1980.

J. Emery Barker, Tucson, for plaintiff/appellant.

Robert K. Corbin, Atty. Gen. by Michael W. Sillyman, Asst. Atty. Gen., Phoenix, for defendant/appellee.

OPINION

HOWARD, Judge.

Appellant is a licensed practicing dentist. He appeals from the trial court's decision permitting the Arizona State Board of Dental Examiners (Board) to proceed with hearings into charges that he acted in an unprofessional manner. We affirm the trial court.

In June 1978, a patient of Dr. Athans filed a complaint with the Board concerning the quality of care her family had received. In August, under authority of A.R.S. Sec. 32–1263(C), there was an informal interview between Dr. Athans and Dr. Polson, a member of the Board. Dr. Athans ap-

peared at the interview with notice of the complaint against him and of the fact that failure to attend the interview could result in the filing of a formal complaint by the Board and the suspension or revocation of his license. See A.R.S. Sec. 32–1263(D)(3). As a result of the informal proceeding the Board filed a formal complaint and gave Dr. Athans notice of the charges he would have to answer. An amended complaint based on the same conduct was filed on May 29, 1979 and set the formal hearing for June 15 1979. On June 8, Dr. Athans sought to stay the proceedings and the trial court denied the stay on June 13.

Dr. Athans contends that the Board should not be permitted to begin the formal proceeding against him for several reasons. He argues that (1) a code of ethics for dentists has never been adopted in Arizona so he cannot be charged with violating the ethics of the dental profession, (2) the Board failed to satisfy a condition precedent to holding a formal proceeding by not giving him an opportunity to show compliance with licensing procedures, (3) the Board was prejudiced against him by the inclusion in its membership of Dr. Polson who conducted the informal interview and, (4) his Fifth Amendment privilege against self-incrimination was violated by compelling him to attend the informal proceeding on penalty of possible revocation or suspension of his license for non-attendance.

We first reject appellant's contention that the Board could not discipline him because a code of ethics for the dental profession has yet to be adopted in Arizona.

The amended complaint alleged four counts of unprofessional conduct which consisted of three counts of dental malpractice and one count of filing insurance claims for services, representing said services to have been completed, when in truth and in fact they were not completed. Unprofessional conduct is defined in A.R.S. Sec. 32–1201(8)(n) as any conduct of practice which does or would constitute a danger to the health, welfare or safety of the patient. Willfully filing a fraudulent claim with a third party for services rendered to a patient is also unprofessional conduct as defined in A.R.S. Sec. 32–1201(8)(o). Appellant was not charged with "unethical conduct" but with conduct specifically proscribed by statute.

Appellant also argues that the Board did not send him notice pursuant to A.R.S. Sec. 41–1012 of the Administrative Procedure Act which states:[1]

"No revocation, suspension, annulment or withdrawal of any license is lawful unless, prior to the institution of agency proceedings, the agency gave notice by mail to the licensee of facts or conduct which warrant the intended action, and the licensee was given an opportunity to show compliance with all lawful requirements for the retention of the license."

Assuming arguendo the applicability of this statute,[2] it has no application here because "proceedings" had not been instituted. They were only at the informal interview stage and A.R.S. Sec. 32–1263(C) has its own notice requirements which were met here.

At the informal proceeding in 1978 the investigator and interviewer was Dr. Polson. Appellant argues that the Board should not now be allowed to consider the formal complaint because the inclusion of Dr. Polson in its membership has prejudiced it against him.

Instigation or investigation of charges by a member of the body authorized to determine whether a license should be revoked does not necessarily indicate prejudice. *Berry v. Alderson*, 59 Cal.App. 729, 211 P. 836 (1922); *Idaho Mut. Ben. Ass'n, Inc. v. Robison*, 65 Idaho 793, 154 P.2d 156 (1944); *Reyburn v. Minnesota State Board of Optometry*, 247 Minn. 520, 78 N.W.2d 351 (1956). There is no reason to assume prejudice from the investigation especially where, as here, the body is empowered to investigate and file complaints. A.R.S. Sec.

1. A.R.S. Sec. 41–1012 was amended effective after the period relevant here.

2. See A.R.S. Sec. 32–1263(D).

**8**

32–1263(B) and (D). Furthermore, upon stipulation of the parties, the trial court ordered Dr. Polson not to sit on the hearing of the formal complaint.

■ Citing *Spevack v. Klein*, 385 U.S. 511, 87 S.Ct. 625, 17 L.Ed.2d 574 (1967), appellant also contends that he was denied due process of law because he was compelled to incriminate himself at the informal proceeding with Dr. Polson. We do not agree. A person cannot be penalized with a loss of his license or dismissal from public employment because he refuses to waive his Fifth Amendment privilege against self-incrimination. *Spevack v. Klein*, supra; *Gardner v. Broderick*, 392 U.S. 273, 88 S.Ct. 1913, 20 L.Ed.2d 1082 (1968); *Uniformed Sanitation Men Assoc. v. Commissioner of Sanitation*, 392 U.S. 280, 88 S.Ct. 1917, 20 L.Ed.2d 1089 (1968); *Lefkowitz v. Turley*, 414 U.S. 70, 94 S.Ct. 316, 38 L.Ed.2d 274 (1973). Here, Dr. Athans has not been threatened with the penalty present in the foregoing cases. He voluntarily appeared at the informal interview and gave his version of the incidents. At no time was he asked to either waive his privilege or face suspension or revocation. He was free to invoke the privilege against self-incrimination had he felt it necessary. He argues that under A.R.S. Sec. 32–1263(D)(3) if he had refused to attend the informal proceeding a formal proceeding to suspend or revoke his license would have been instituted, and therefore he was compelled to give testimony against himself. We do not agree. Nothing in the statute required him to waive any privilege he might have had, it merely required attendance.

Affirmed.

HATHAWAY, C. J., and RICHMOND, J., concur.