137 Ariz. 395 (1983)
670 P.2d 1220
Walter W. CALDWELL, Plaintiff-Appellant, Cross Appellee,
v.
ARIZONA STATE BOARD OF DENTAL EXAMINERS, Defendant-Appellee, Cross Appellant.
No. 1 CA-CIV 6620.
Court of Appeals of Arizona, Division 1.
September 22, 1983.
*397 Marton, Halladay & Hall, P.A. by Michael S. Halladay, II, Phoenix, for plaintiff-appellant, cross appellee.
Robert K. Corbin, Atty. Gen. by Charles E. Buri, Asst. Atty. Gen., Phoenix, for defendant-appellee, cross appellant.
OPINION
EUBANK, Judge.
This appeal arises out of a decision by the appellee Arizona State Board of Dental Examiners (Board) to suspend appellant Walter W. Caldwell's (Caldwell) certificate for the practice of denture technology. Pursuant to A.R.S. § 12-901 et seq., Caldwell appealed the administrative decision of the Board to the superior court. The matter was heard and remanded to the Board for "rehearing upon completion by the Board of promulgated rules and regulations." Caldwell has appealed to this court from the superior court's judgment. The Board has filed a cross-appeal.
The basis of the trial court's action was that the Board had proceeded with disciplinary action against Caldwell in contravention of A.R.S. § 32-1295.C (Supp. 1980). That section provides:
In all matters relating to discipline and certifying of denturists and the giving and grading of examinations, the board shall, by rule and regulation, provide for receiving the assistance and advice of denturists who have been previously certified pursuant to this chapter.
It is undisputed by the parties that no rules and regulations providing for denturists' assistance had been enacted at the time of the Board's action against Caldwell.
Caldwell argues that: (1) remand to the Board was improper because it permits the Board to proceed against Caldwell for conduct which occurred prior to the promulgation of the requisite rules and regulations, and (2) if remand is appropriate, it should require more than a rehearing before the Board. The remand should also extend to the initial stages of the disciplinary proceedings.[1] The state's cross-appeal challenges the remand on the grounds that the failure to promulgate rules under A.R.S. § 32-1295.C does not render the Board's decision invalid. It contends that the language of A.R.S. § 32-1295.C should be deemed merely directory and not mandatory.
Our analysis of these issues commences with the general proposition that the powers and duties of an administrative agency are measured and limited by the statute creating them. Ayala v. Hill, 136 *398 Ariz. 88 at 90, 664 P.2d 238 at 240 (Ct.App. 1983). Here, the language of the statute is clear that the Board must provide for and receive the assistance and advice of certified denturists in all disciplinary matters. A.R.S. § 32-1295.C. Therefore, there is no room for judicial construction of this language, Smith v. Pima County Law Enforcement Council, 113 Ariz. 154, 157, 548 P.2d 1151, 1154 (1976), and we reject the state's position that this language is merely directory and not a prerequisite to valid disciplinary actions by the Board. This court and the Board must follow the meaning of the statute as written, see, e.g., Ross v. Industrial Commission, 112 Ariz. 253, 256, 540 P.2d 1234, 1237 (1975), and we believe that to do so gives Caldwell the rights the legislature intended to convey to denturists in disciplinary proceedings. Accord Dept. of Revenue v. Southern Union Gas Co., 119 Ariz. 512, 582 P.2d 158 (1978). We therefore agree with the trial court that Caldwell's procedural due process rights were violated by the Board's noncompliance with its statutory duty, thus rendering the disciplinary actions taken against him voidable. Id.
We must next consider whether remand to the Board was the appropriate form of relief. Caldwell argues that remand is improper because A.R.S. § 32-1295.C is more than a procedural provision and implicitly requires the Board to devise substantive standards governing the conduct of denturists. Caldwell argues further that once the Board promulgates those standards and applies them to conduct which previously occurred, Caldwell's constitutional statutory rights will be violated by the application of an ex post facto law.[2]
We reject outright Caldwell's argument that A.R.S. § 32-1295.C implicitly requires the adoption of standards to delineate types of conduct which are subject to sanction. The standards that a denturist must meet to be and remain certificated by the Board are adequately set forth by statute. The grounds for revocation and suspension of a certificate are also enumerated in A.R.S. § 32-1297.07.A (Supp. 1982). "Unprofessional conduct" is one basis for disciplinary action. A.R.S. § 32-1297.07.A(1) (Supp. 1982). "Gross incompetence" and "gross negligence" are other grounds. A.R.S. § 32-1297.07.A(4) (Supp. 1982). However, Caldwell asserts that these terms are not specifically defined and that denturists are not, therefore, adequately notified of the conduct expected of them. The term "unprofessional conduct" was defined by the legislature at the time of Caldwell's conduct[3] in A.R.S. § 32-1201.10 (Supp. 1980). That definition lists several specific acts and standards to be used in judging when conduct is "unprofessional." Further, the exact subsection Caldwell claims is unconstitutionally vague, A.R.S. § 32-1201.10(n) (Supp. 1980), was implicitly approved by this court in Athans v. Arizona State Board of Dental Examiners, 126 Ariz. 6, 612 P.2d 57 (App. 1980). In Athans, Division 2 of this court was dealing with unprofessional conduct defined in A.R.S. § 32-1201.8(n) as:
Any conduct or practice contrary to recognized standards of ethics of the dental profession or any conduct or practice which does or would constitute a danger to the health, welfare or safety of the patient or the public.
The language of A.R.S. § 32-1201.10(n) (Supp. 1980) which was controlling at the time of Caldwell's alleged misconduct is identical to the definition given by this former law. See also, Arizona State Board of Medical Examiners v. Clark, 97 Ariz. 205, *399 398 P.2d 908 (1965); Huls v. Arizona State Board of Osteopathic Examiners in Medicine and Surgery, 26 Ariz. App. 236, 547 P.2d 507 (1976).
We hold therefore that "unprofessional conduct" is not unduly vague, Chastek v. Anderson, 83 Ill.2d 502, 48 Ill.Dec. 216, 416 N.E.2d 247 (1981), and that the Board may properly judge Caldwell's conduct against this standard with the "assistance and advice of denturists."
Next, Caldwell points out that "gross incompetence" or "gross negligence" are not defined anywhere in the statute,[4] so that even if A.R.S. § 32-1201 does apply to the activities of denturists, the above terms are constitutionally infirm. We do not agree with Caldwell's conclusion.
Caldwell admits in his brief that A.R.S. § 32-1201 "provides detailed description of the sort of conduct which is unprofessional and less than competent."[5] Further, we share the opinion of the court in Yoshizawa v. Hewitt, 52 F.2d 411 (1931) that "gross negligence" has a well-understood meaning "built up in innumerable cases arising in all branches of the law" and has "an ascertainable meaning to the medical profession as well as to laymen." Id. at 413. "Negligence" is defined by our legislature as "a want of such attention to the nature or probable consequence of the act or omission as a prudent man ordinarily bestows in acting in his own concerns." A.R.S. § 1-215.20. Cf. Gore v. Board of Medical Quality Assurance, 110 Cal. App.3d 184, 167 Cal. Rptr. 881 (1980) (interpreting the term "gross negligence" in the context of "unprofessional conduct"). "Gross negligence" has been equated by our supreme court with "wanton negligence." Evans v. Pickett, 102 Ariz. 393, 396, 430 P.2d 413, 416 (1967). Wanton negligence is defined as:
A person is wantonly negligent if he wilfully does an act or fails to do an act which it is his duty to do, knowing or having reason to know of facts which would lead a reasonable man to realize that the actor's conduct not only creates an unreasonable risk of bodily harm to the plaintiff but also involves a high degree of probability that substantial harm will result. Alabam Freight Lines v. Phoenix Bakery, 64 Ariz. 101, 166 P.2d 816. Wantonness implies a reckless indifference to the results of an act. Butane Corporation v. Kirby, 66 Ariz. 272, 187 P.2d 325.
Nichols v. Baker, 101 Ariz. 151, 153, 416 P.2d 584, 586 (1966).
As for "gross incompetence," denturists are well-advised by the terms of A.R.S. § 32-1201.12(n) that their professional behavior will be judged against recognized standards of ethics and that no practice which endangers the health or safety of the public will be tolerated. The term "gross" relates solely to the matter of degree. Sanchick v. Michigan State Board of Examiners in Optometry, 342 Mich. 555, 70 N.W.2d 757 (1955). We hold that these terms sufficiently apprise a denturist of the conduct which will render him liable to the statutory penalties. On remand, the Board may consider Caldwell's 1979 and 1980 conduct in light of the preexisting statutory criteria or standards.
Furthermore, it is plain to us that the definitions in A.R.S. § 32-1201.10(n) (Supp. 1980) apply to disciplinary actions in the context of the practice of denture technology; the preface to A.R.S. § 32-1201 (Supp. 1980) indicates that the definitions are to apply to the entire chapter "unless the context otherwise requires." Article 5 dealing with the certification and regulation of denturists was added to the chapter in 1978 (Laws 1978, Ch. 134 § 6), and amendments were concurrently made in the definitions. Laws 1978, Ch. 134 § 1. We *400 note that the legislature renumbered the prior A.R.S. § 32-1201.8 defining "unprofessional conduct" to A.R.S. § 32-1201.10[6] and defined "denturist" in the same amendment; other changes were made in the definition of "unprofessional conduct" at the same time. It is clear to us that the legislature was aware of the existence of the definitions in A.R.S. § 32-1201 at the time it added article 5 to the same chapter. See, Arizona State Board of Directors v. Phoenix Union High School District, 102 Ariz. 69, 424 P.2d 819 (1967). In addition, the legislature intended the various provisions of Title 32, chapter 11 to operate as a compatible whole, id., unless the context of Article 5 requires otherwise. Our review shows nothing in Article 5 which limits or restricts the application of the definitions in A.R.S. § 32-1201 to Article 5. Thus, we hold that the definitions apply to Article 5.
We turn now to the question of whether, on remand, the Board must re-initiate disciplinary steps against Caldwell or whether it is sufficient that a rehearing be held on the formal proceeding alone. The statute delineating the additional powers and duties of the Board provides that "in all matters" relating to discipline the Board shall provide by rule and regulation for the assistance and advice of denturists. A.R.S. § 32-1295.C (Supp. 1982). Grounds for disciplinary action against denturists are outlined in A.R.S. § 32-1297.07 (Supp. 1982). Therefore, any investigation, informal interview, competence examination, or formal proceedings which the Board initiates pursuant to A.R.S. § 32-1297.07.B., C., or D. qualifies as a "matter relating to discipline" and can only be valid if the mandates of A.R.S. § 32-1295.C have first been met.[7] This conclusion is supported by the clear language of the statute and by the obvious intention of the legislature to include certified denturists in the decisions by the Board of Dental Examiners to take disciplinary actions against members of the denture technology profession. A.R.S. §§ 1-211 and 213; and see State Board of Dispensing Opticians v. Schwab, 93 Ariz. 328, 331, 380 P.2d 784, 786-87 (1963). Hence, the trial court erred inasmuch as it remanded only for a formal rehearing.
The Board argues in its cross-appeal that it is unnecessary to remand this matter because the Board did, in fact, consider the input of a certified denturist who was asked by it, after the formal hearing, to submit proposed findings of fact, conclusions of law and an order for consideration by the Board. The Board contends that to remand, in effect, penalizes the Board and "defeats the very purpose of the Dental Practice Act  the protection of the public against unsupervised, unprofessional, incompetent, negligent and dangerous practitioners of dentistry and its ancillary fields." We disagree.
Remand to an administrative agency or board is appropriate where the agency has been found to have violated a statutory procedural requirement. City of Tucson v. Mills, 114 Ariz. 107, 110, 559 P.2d 663, 666 (App. 1976). This grants the agency the opportunity to "take a fresh look at the matter involved" in accordance with the applicable law. Id. at 110, 559 P.2d 663 at 666. Remand is therefore appropriate in this case; it protects the procedural due process rights of denturists whose conduct is called into question and at the same time it protects the health and safety of the public as defined by the legislature.
We therefore affirm the judgment of the trial court but modify the order remanding the case to the Board for a formal rehearing. In our opinion, this matter must be returned to the complaint investigatory *401 stage, where the matter was first submitted to the Board pursuant to A.R.S. § 32-1297.07(B). This matter is remanded for further proceedings consistent with this decision.
The judgment is affirmed as modified.
HAIRE, P.J., and MEYERSON, J., concur.
NOTES
[1] Our review of the record satisfies us that the issues raised herein were adequately preserved below for appeal to the court.
[2] Caldwell also proposes that the result would constitute retroactive application of the law but concedes that the facts here are "more akin to ex post facto application of the law." Because of our disposition of this case, it is not important which characterization Caldwell relies upon.
[3] It appears from the complaints by Caldwell's patients which were the subject of the Board's investigations that the alleged misconduct occurred in 1979-1980.
[4] Current A.R.S. § 32-1201.4 defines incompetence in the practice of denture technology.
[5] This is a qualified admission in that Caldwell contends that the statute did not apply to denturists. We have come to the contrary conclusion.
[6] The section defining "unprofessional conduct" was renumbered again in 1982. Prior A.R.S. § 32-1201.10 (Supp. 1980) now is renumbered as A.R.S. § 32-1201.12 (Supp. 1982). See Laws 1982, Ch. 72, § 1.
[7] It appears the Board has, during the pendency of this appeal, met the statutory requirements. See A.C.R.R. R4-11-1201.