692 P.2d 305

**Charles L. OLIVER, Plaintiff-Appellant,**

v.

**STATE LAND DEPARTMENT; Joe T. Fallini, State Land Commissioner and Mesa Grande Corporation, Defendants-Appellees.**

**No. 1 CA–CIV 6159.**

Court of Appeals of Arizona, Division 1, Department A.

Sept. 27, 1984.

Review Denied Dec. 18, 1984.

Mahoney, Lehman, Rood, Rempe, Spears & Vaughn, P.C. by John W. Rood, Phoenix, for plaintiff-appellant.

Robert K. Corbin, Atty. Gen. by Karen L. Schroeder, Asst. Atty. Gen., Phoenix, for defendants-appellees.

## OPINION

BROOKS, Presiding Judge.

On April 9, 1981, appellant, Charles L. Oliver, filed his first amended complaint[1] against appellees, State Land Department (department), Joe T. Fallini, State Land Commissioner (commissioner), and Mesa Grande Corporation (corporation). This complaint was actually an appeal from a decision entered by the department on January 29, 1981. On April 16, 1983, the department and the commissioner moved to dismiss the first amended complaint. The department and the commissioner alleged that Oliver had failed to exhaust his administrative remedies because he had not filed a motion for rehearing with the department. *See* Arizona Regulation R12–5–03.[2] Oliver filed a response and a hearing was held. On June 25, 1981, the trial court entered its amended judgment in favor of appellees[3] concluding that it lacked jurisdiction to consider the matter. This appeal followed.

Oliver has raised three issues on appeal.[4] First, earlier versions of the statute in question did not require a request for reconsideration. Second, Oliver did in fact request the department to reconsider its decision. Third, no regulation properly in force and effect required a motion for reconsideration or rehearing.

The first two arguments were not raised in the trial court and will not be considered here. *Cf. Fendler v. Phoenix Newspapers, Inc.*, 130 Ariz. 475, 636 P.2d 1257 (App. 1981) (appellant precluded from raising for the first time on appeal an argument not advanced at the trial level). However, the final issue with respect to the existence of an effective regulation was argued below and is considered here.

The department and commissioner argue that Oliver was required to file a motion for rehearing as a prerequisite to judicial review in the superior court. The department and commissioner rely upon Arizona Regulation R12–5–03 for this requirement. As Oliver points out, however, the regulation *as filed with the secretary of state* on May 13, 1977, is less than clear with respect to rehearing procedures. The regulation promulgated on that date provides, in pertinent part as follows:

A. Except as provided in Subsection G, any party in a contested case before the Commissioner, the Department or the Board of Appeals who is aggrieved by a decision rendered in such case may file with the Commissioner, the Department or the Board of Appeals, not later than thirty (30) days after service of the decision specifying the particular grounds therefor. For purposes of this subsection a decision shall be deemed to have been served when personally delivered or mailed by certified mail to the party at his last known residence or place of business.

According to counsel for the department and commissioner, a handwritten insertion was made by an assistant attorney general on the copy of the regulation filed at the secretary of state's office. This copy, re-

---

1. Oliver filed his original complaint on March 3, 1981, but had substituted his first amended complaint before any responsive pleading had been filed.

2. Normally, Arizona regulations are cited A.C.R.R. However, the actual wording of regulation R12–5–03 differs from the wording contained in the *Official Compilation of Administrative Rules and Regulations*.

3. The judgment speaks of granting the motion filed by the commissioner and the department. However, the judgment disposes of all claims before the trial court.

4. Oliver actually raised a fourth issue in his opening brief relating to the jurisdiction of the department to award a lease to the corporation. However, on December 29, 1981, this court struck that argument from the opening brief as it had not been presented to the trial court.

produced as Appendix B to appellees' answering brief, contains a line between the phrases "service of the decision" and "specifying the particular grounds" and an arrow (at the end of the line) pointing to the following handwritten message:

,a written notice for rehearing or review of the decision,

Also in handwriting, slightly below subsection A, is the following message:

Dale Pontius, Ass't A.G. O.K. insert of language 12/6/77. In letter in A.G.'s file language insert into Sup. 77–6

■ The department and commissioner argue not only that the handwritten insertion ",a written notice for rehearing or review of the decision," provided words which were inadvertently left out by the typist, but also that the procedure of handwritten insertion is an acceptable method to correct clerical errors. The department and commissioner claim that this procedure is appropriate because statutes should be given a sensible construction which will accomplish the legislative intent and at the same time avoid an absurd result. *State v. Valenzuela,* 116 Ariz. 61, 567 P.2d 1190 (1977). However, the problem with the approach taken by the commissioner and the department is that construction and interlineation are two separate concepts. The court is aware of no authority authorizing an assistant attorney general to "correct" by handwriting a regulation promulgated seven months earlier. The procedure for promulgating a regulation is set out in the Administrative Procedure Act, A.R.S. § 41–1001 *et seq.* The process employed here to "correct" the regulation is in no way consistent with the statutory requirements for amending a regulation. In order for a rule[5] to be effective, the administrative agency must give notice and hold hearings (A.R.S. § 41–1002), obtain approval of the attorney general (A.R.S. § 41–1002.01) and

file the rule with the secretary of state (A.R.S. § 41–1004). *Arizona Department of Aeronautics v. Fred Harvey Transportation Co.,* 114 Ariz. 401, 561 P.2d 322 (App.1977); *see also Malumphy v. MacDougall,* 125 Ariz. 483, 610 P.2d 1044 (1980); *Thomas v. Arizona State Board of Pardons and Paroles,* 115 Ariz. 128, 564 P.2d 79 (1977). That procedure was not followed here and the attempted "amendment" must fail.

■ The commissioner and department next contend that the commissioner was required by A.R.S. § 41–1010(B) to promulgate a rule providing for rehearing or review of the department's decisions. A.R.S. § 41–1010(B) states:

Except when good cause exists otherwise, the agency shall provide an opportunity for a rehearing or review of the decision of an agency before such decision becomes final. Such rehearing or review shall be governed by agency rule drawn as closely as practicable from rule 59, Arizona rules of civil procedure, relating to new trial in superior court.

The commissioner and department, however, do not contend that this statute is a substitute for the regulation, nor do we find the statute to be a substitute for a regulation on rehearing procedures. *Cf. Caldwell v. Arizona State Board of Dental Examiners,* 137 Ariz. 396, 670 P.2d 1220 (App.1983). Hence Arizona Regulation R12–5–03, as actually promulgated, must be construed.

In order that Arizona Regulation R12–5–03 may be construed as a whole, we set it out in its entirety. *Cf. City of Phoenix v. Kelly,* 90 Ariz. 116, 366 P.2d 470 (1961). The Regulation provides:

A. Except as provided in Subsection G, any party in a contested case before the Commissioner, the Department or the

---

**5.** The word "rule" is defined in A.R.S. § 41–1001(7) to mean "each agency statement of general applicability that implements, interprets or prescribes law or policy, or describes the organization, procedure or practice requirements of any agency. The term includes the amendment or repeal of a prior rule, but does not include

statements concerning only the internal management of any agency and not affecting private rights or procedures available to the public, or declaratory rulings issued pursuant to § 41–1007 or intra-agency memoranda." The interlineation here clearly qualifies as a "rule."

Board of Appeals who is aggrieved by a decision rendered in such case may file with the Commissioner, the Department or the Board of Appeals, not later than thirty (30) days after service of the decision specifying the particular grounds therefor. For purposes of this Subsection a decision shall be deemed to have been served when personally delivered or mailed by certified mail to the party at his last known residence or place of business.

B. A motion for rehearing under this Rule may be amended at any time before it is ruled upon by the Commissioner, the Department or the Board of Appeals. A response may be filed within thirty (30) days after service of such motion or amended motion by any other party. The Commissioner, the Department or the Board of Appeals may require the filing of written briefs upon the issues raised in the motion and may provide for oral argument.

C. A rehearing or review of the decision may be granted for any of the following causes materially affecting the moving party's rights:  .

1. Irregularity in the administrative proceedings of the Commissioner, the Department or the Board of Appeals or its hearing officer or the prevailing party, or any order or abuse of discretion, whereby the moving party was deprived of a fair hearing;

2. Misconduct of the Commissioner, the Department or the Board of Appeals or its hearing officer or the prevailing party;

3. Accident or surprise which would not have been prevented by ordinary prudence;

4. Newly discovered material evidence which would not with reasonable diligence have been discovered and produced at the original hearing;

5. Excessive or insufficient penalties;

6. Error in the admission or rejection of evidence or other errors of law occurring at the administrative hearing;

7. That the decision is not justified by the evidence or is contrary to law.

D. The Commissioner, the Department or the Board of Appeals may affirm or modify the decision or grant a rehearing to all or any of the parties and on all or part of the issues for any of the reasons set forth in Subsection C. An order granting a rehearing shall specify with particularity the ground or grounds on which the rehearing is granted, and the rehearing shall cover only those matters so specified.

E. Not later than thirty (30) days after a decision is rendered, the Commissioner, the Department or the Board of Appeals may on its own initiative order a rehearing or review of its decision for any reason for which it might have granted a rehearing on motion of a party. After giving the parties or their counsel notice and an opportunity to be heard on the matter, the Commissioner, the Department or the Board of Appeals may grant a motion for rehearing for a reason not stated in the motion. In either case the order granting such rehearing shall specify the grounds therefor.

F. When a motion for is based upon affidavits, they shall be served with the motion.[6] An opposing party may within thirty (30) days after such service serve opposing affidavits, which period may be extended for an additional period not exceeding twenty (20) days by the Commissioner, the Department or the Board of Appeals for good cause shown or by written stipulation of the parties. Reply affidavits may be permitted.

G. If in a particular decision the Commissioner, the Department or the Board of Appeals makes specific findings that the immediate effectiveness of such decision is necessary for the immediate preservation of the public peace, health and safety and that a rehearing or review of

---

**6.** Subsection F, as actually promulgated, varies from the wording contained in the *Official Compilation of Administrative Rules and Regulations* (*"Compilation"*). The *Compilation* adds the words "a rehearing" between the phrases "a motion for" and "is based upon."

the decision is impracticable, unnecessary or contrary to the public interest, the decision may be issued as a final decision without an opportunity for a rehearing or review. If a decision is issued as a final decision without an opportunity for rehearing, any application for judicial review of the decision shall be made within the time limits permitted for applications for judicial review of the Commissioner, the Department or the Board of Appeals final decisions.

H. For purposes of this Section the terms "contested case" and "party" shall be defined as provided in A.R.S. § 41–1001.

I. To the extent that the provisions of this Rule are in conflict with the provisions of any statute providing for rehearing of decisions of Commissioner, the Department or the Board of Appeals, such statutory provisions shall govern.

 In construing this regulation, the court is guided by the principle that when the literal language of a statute will result in an absurdity, courts may and will supply words to the statute in order to give effect to the manifest intention of the legislature. *State v. Pressley*, 74 Ariz. 412, 250 P.2d 992 (1952); *see also Arizona Corporation Commission v. Superior Court*, 105 Ariz. 56, 459 P.2d 489 (1969). Here, the rule in question clearly is devoted to rehearing procedures. Subsection B provides for amending the motion for rehearing, filing a response to the motion for rehearing, requiring a filing of written briefs upon issues raised in the motion, and providing for oral argument on the motion for rehearing. Subsection C lists bases for granting a motion for rehearing. Subsection D speaks of an order granting the motion for rehearing and subsection E talks of a *sua sponte* rehearing. Subsection F deals with motions based upon affidavits and subsection G specifies when an opportunity for a rehearing will be denied.

7. In finding that a motion for rehearing was required here, the court does not legitimize the "amendment" attempted by a member of the

As for the confusing paragraph in question, subsection A clearly contemplates that something will be filed within thirty days after the service of the decision specifying the particular grounds therefore. Viewing the regulation as a whole, we are persuaded that it was intended that a motion for rehearing be filed within thirty days after service of the decision and hence this court will supply the phrase "a motion for rehearing" after the phrase "service of the decision" and before the phrase "specifying the particular grounds" with respect to subsection A. Since no motion for rehearing was filed here, the trial court acted properly in denying review of the department's decision. *See Herzberg v. David*, 27 Ariz.App. 418, 555 P.2d 677 (1976); *see also Arizona Law Enforcement Merit System Council v. Dann*, 133 Ariz. 429, 652 P.2d 168 (App.1982).

For the foregoing reasons, the judgment of the trial court is affirmed.[7]

GRANT and CONTRERAS, JJ., concur.

attorney general's office. The construction of the regulation here was accomplished without reference to such "amendment."