762 P.2d 619

**The STATE of Arizona, Appellee,**

v.

**Daryl Roy VOELTNER, Appellant.**

**No. 2 CA–CR 87–0343.**

Court of Appeals of Arizona,
Division 2, Department B.

June 16, 1988.

Review Denied Oct. 25, 1988.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Barbara A. Jarrett, Phoenix, for appellee.

Harold L. Higgins, Pima County Public Defender by John F. Palumbo, Tucson, for appellant.

## OPINION

LIVERMORE, Presiding, Judge.

This appeal is taken from the order of the superior court finding that appellant had violated the conditions of his probation. Appellant was convicted in 1984 of attempted child molestation, a class 3 felony, and was placed on probation for five years. A petition to revoke was filed, alleging that appellant had violated the conditions of his probation in that he "committed the offense of Inhaling Toxic Vapors" and "failed to avoid contact with, or use of, dangerous drugs."

At the violation hearing, the case was submitted on the basis of the police report, which indicated that appellant was ob-served by police in his car with an open can of liquid toluene solvent and a rag. The vehicle and appellant's clothes smelled strongly of the substance, and when the police stated that it appeared that he had been inhaling toluene vapors, appellant nodded affirmatively. The trial court dismissed the second allegation of the petition, but found that appellant had violated the conditions of his probation by inhaling toxic vapors. Appellant was continued on probation but subject to additional conditions.

Appellant contends that the evidence was insufficient to support the finding of violation. Specifically, appellant argues that inhaling liquid toluene vapors is not a violation of A.R.S. § 13–3403, the statutory prohibition against inhaling toxic vapors. That statute provides, in pertinent part:

A. A person shall not knowingly:

1. Breathe, inhale or drink a vapor-releasing substance containing a toxic substance.

As pertains to this case, A.R.S. § 13–3401(29) defines "vapor-releasing substance containing a toxic substance" as "paint or varnish dispensed by the use of aerosol spray, or any glue, which releases vapors or fumes containing ... toluene...." Appellant contends that the statute clearly prohibits only the inhalation of spray paint or glue which contain toluene, and not the direct inhalation of liquid toluene vapors. Noting that the list of substances found in § 13–3401(29) includes forms of alcohol found in alcoholic beverages and rubbing alcohol, appellant contends that the trial court's construction of the statute would render the direct inhalation of those vapors a class 5 felony.

We agree with appellant's contentions. While prohibiting the direct inhalation of toluene vapors may be desirable, §§ 13–3401(29) and –3403 cannot be construed as such a prohibition. To reach the dissent's conclusion, we would be forced to read two lines out of the statute. Additionally, in order to apply the statute consistently, we would be constrained to advise

that those who drink brandy no longer "sniff" it before inbibing, a truly absurd result. We hold that, in order to establish a violation of § 13–3403, the state must prove that the defendant 1) knowingly breathed, inhaled, or drank, 2) either paint or varnish dispensed by aerosol spray, or glue, 3) which releases vapors or fumes, 4) containing toluene or one of the other enumerated substances. The evidence presented to the trial court in this case failed to establish these elements, and the finding of violation must therefore be vacated.

ROLL, Judge, dissenting.

I dissent. I would affirm the order of the trial court revoking Voeltner's probation.

Voeltner was on probation for attempted child molesting when a law enforcement officer approached his vehicle after receiving a report of reckless driving. The evidence established that the officer observed an open can of toluene solvent on the front seat of the car and a white rag on the floor. A strong odor of toluene was present inside the car and toluene was on Voeltner's jeans. Voeltner's eyes were extremely constricted and he was unable to walk without assistance. The officer concluded that Voeltner had been inhaling toluene and, when the officer asked Voeltner if he had done so, Voeltner indicated that he had.

A.R.S. § 13–3403 prohibits an individual from knowingly breathing, inhaling, or drinking a vapor-releasing substance containing a toxic substance. Toluene is a poisonous hydrocarbon. A.R.S. § 13–3401(29) specifically refers to toluene and states that "vapor-releasing substance containing a toxic substance" means "paint or varnish dispensed by the use of aerosol spray, or any glue, which releases vapors or fumes containing ... toluene...."

On appeal, Voeltner argues that his probation cannot be revoked because the toluene which he inhaled was pure toluene and not toluene contained in a paint, varnish, or glue. This literal interpretation would result in an absurdity. It is toluene, of course, which is the toxic substance. It is at the inhalation of toluene that the statute is directed. Division One of this court has stated that the courts may and will supply words to a statute in order to give effect to the manifest intention of the legislature. *Oliver v. State Land Department*, 143 Ariz. 126, 130, 692 P.2d 305, 309 (App. 1984). In order to give a sensible construction to the statute and to avoid an absurd result, I believe that A.R.S. § 13–3401(29) should be interpreted to mean that toluene in its pure or solvent form constitutes a vapor-releasing substance containing a toxic substance.

I would affirm.