786 P.2d 1024

**Donn THOMPSON, Plaintiff/Appellant,**

v.

**The TUCSON AIRPORT AUTHORITY, INC., Defendant/Appellee.**

**No. 2 CA–CV 89–0051.**

Court of Appeals of Arizona, Division 2, Department B.

Oct. 12, 1989.

Review Denied Feb. 6, 1990.*

Robert S. Wolkin, Tucson, for plaintiff/appellant.

---

* Gordon, C.J., of the Supreme Court, was not present and did not participate in the determi-

Snell & Wilmer by Negatu Molla, Tucson, for defendant/appellee.

OPINION

LIVERMORE, Presiding Judge.

The sole issue on this appeal is whether the Tucson Airport Authority (TAA) is subject to the Administrative Procedure Act, A.R.S. § 41–1001 et seq. If it is, it concededly violated the act's provisions in the manner in which it licensed taxicabs to the detriment of appellant Donn Thompson. Because we agree with the trial court that TAA is not subject to the act, we affirm.

The act applies only to agencies. A.R.S. § 41–1002. A.R.S. § 41–1001(1) contains this definition:

"Agency" means a board, commission, department, officer or other administrative unit of this state, including the agency head and one or more members of the agency head or agency employees or other persons directly or indirectly purporting to act on behalf or under the authority of the agency head, whether created under the constitution of Arizona or by enactment of the legislature. Agency does not include the legislature, the courts or the governor. Agency does not include a political subdivision of this state or any of the administrative units of a political subdivision, but it does include a board, commission, department, officer or other administrative unit created or appointed by joint or concerted action of an agency and one or more political subdivisions of this state or any of their units. To the extent it purports to exercise authority subject to this chapter, an administrative unit otherwise qualifying as an agency must be treated as a separate agency even if the unit is located within or subordinate to another agency.

Because this definition excludes local governmental units, and because TAA is an

nation of this matter.

agency of the City of Tucson, *Hertz Drive-Ur-Self System v. Tucson Airport Authority,* 81 Ariz. 80, 299 P.2d 1071 (1956); *L.G. Lefler, Inc. v. Tucson Airport Authority,* 141 Ariz. 23, 684 P.2d 904 (App. 1984), the act does not apply to TAA. *See McClanahan v. Cochise College,* 25 Ariz. App. 13, 540 P.2d 744 (1975).[1]

Appellant seeks to avoid this conclusion by characterizing TAA as an "administrative unit created ... by joint or concerted action of an agency and one or more political subdivisions of this state." He then points to the language of A.R.S. § 2–312 characterizing a non-profit corporation, such as TAA, acting as a lessee of city land to run an airport "as an agency or instrumentality of the city and state." Although state law permits a political subdivision to create sub-units, it does not make those sub-units the joint creation of an agency and the subdivision. Were the rule otherwise every sub-unit of a municipality would fit the definition because municipalities derive their power to create sub-units from state statutes. Further, the only state body that was involved in creating TAA was the legislature and it is expressly excluded from the definition of an agency under A.R.S. § 41–1001. Finally, that entities such as TAA are called agencies of the city and state in A.R.S. § 2–312 does not make them state agencies for purposes of the Administrative Procedure Act. That language was designed to make clear that non-profit corporations running airports were performing public functions. All governmental subdivisions are agencies of the state in this sense and all were created by the state. The Administrative Procedure Act is narrower in its focus and is aimed at those agencies of the state government performing a function of that government. A.R.S. § 41–1002 demonstrates a legislative intent that the provisions of the Administrative Procedure Act should prevail over other statutory rules. The definition

of "agency" in the act, therefore, is controlling.

Affirmed.

FERNANDEZ, C.J., and LACAGNINA, J., concur.

---

**1.** Appellant's reliance on *Arizona Department of Aeronautics v. Fred Harvey Transportation Co.,* 114 Ariz. 401, 561 P.2d 322 (App.1977), is misplaced. The Administrative Procedure Act was

held applicable to the operator of the Grand Canyon Airport because that operator was the Arizona Department of Aeronautics, indisputably a state agency.