IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

---

**LASHAUNA COLEMAN,**
*Petitioner,*

*v.*

**HONORABLE DIANE M. JOHNSEN, HONORABLE KENT E. CATTANI, HONORABLE JON W. THOMPSON, JUDGES OF THE COURT OF APPEALS, STATE OF ARIZONA, DIVISION ONE, DEPARTMENT M,**
*Respondent Judges,*

**THE STATE OF ARIZONA, EX REL. THOMAS C. HORNE, ATTORNEY GENERAL,**
*Real Party in Interest.*

---

No. CV-13-0350-SA
Filed June 13, 2014

---

Special Action from the Superior Court in Maricopa County
The Honorable Margaret R. Mahoney, Judge
No. CR2012-135642-001

Decision Order of the Court of Appeals, Division One
Filed October 22, 2013

## VACATED AND REMANDED

---

COUNSEL:
Maricopa County Public Defender, Stephen Whelihan (argued), Deputy
Public Defender, Phoenix, for Lashauna Coleman

Thomas C. Horne, Arizona Attorney General, Robert L. Ellman, Solicitor
General, Joseph T. Maziarz, Section Chief Counsel, Criminal Appeals
Section, Myles A. Braccio (argued), Assistant Attorney General, Phoenix,
for State of Arizona

---

VICE CHIEF JUSTICE BALES authored the opinion of the Court, in which
CHIEF JUSTICE BERCH, JUSTICE PELANDER, JUSTICE BRUTINEL, and
JUSTICE TIMMER joined.

---

VICE CHIEF JUSTICE BALES, opinion of the Court:

**¶1** We granted review to determine whether the Arizona Constitution provides a right for defendants in criminal cases to represent themselves on appeal and, if so, when defendants must exercise that right. We hold that there is a state constitutional right to self-representation on appeal and that defendants must give notice of their intent to exercise that right within thirty days of the filing of the notice of appeal.

## I.

**¶2** On April 23, 2013, the trial court placed Lashauna Coleman on two years' probation for her conviction of disorderly conduct. The next day, her appointed counsel filed a notice of appeal. Fifty-five days later, on June 18, Coleman filed a notice in the trial court stating she intended to represent herself on appeal. The trial court did not respond to the notice.

**¶3** On June 19, the court of appeals filed a Notice of Completion of Record. The next day, the Office of the Public Defender assigned the case to attorney Stephen Whelihan. Upon meeting him, Coleman said she wanted to represent herself, but Whelihan advised her that she had no right to do so and persuaded her to allow him to review the record. After Whelihan reviewed the case, he and Coleman spoke again, and Coleman reiterated her desire to represent herself.

**¶4** On August 16, Whelihan filed a motion with the court of appeals seeking leave for Coleman to represent herself based on Article 2, Section 24 of the Arizona Constitution. The court of appeals denied the motion, holding that there is no right to self-representation and that, even if there were, Coleman's motion was untimely.

**¶5** After Whelihan moved for reconsideration, the court of appeals modified its decision order. The court explained that although there is no *constitutional* right to self-representation on appeal, self-representation is permitted if the request is timely. Coleman's request was untimely, the court concluded, because she did not make it until after the appeal had commenced.

## II.

**¶6** We review matters involving constitutional law de novo. *State v. Roque*, 213 Ariz. 193, 217 ¶ 89, 141 P.3d 368, 392 (2006).

¶7          Although the federal constitution guarantees the right to self-representation in the trial court, *see Faretta v. California*, 422 U.S. 806 (1975), the United States Supreme Court has held that this right does not extend to appeals. *Martinez v. Court of Appeal of California, Fourth Appellate Dist.*, 528 U.S. 152, 160 (2000). The Court recognized that its holding would "not preclude the States from recognizing such a right under their own constitutions." *Id.* at 163.

¶8          Article 2, Section 24 of the Arizona Constitution identifies several rights held by an accused:

> In criminal prosecutions, the accused shall have the right to appear and defend in person, and by counsel, to demand the nature and cause of the accusation against him, to have a copy thereof, to testify in his own behalf, to meet the witnesses against him face to face, to have compulsory process to compel the attendance of witnesses in his own behalf, to have a speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed, and the right to appeal in all cases . . . .

The Arizona Constitution thus recognizes the right to appeal in a way that the United States Constitution does not. *Compare Martinez*, 528 U.S. at 159–60. The State argues, however, that this appellate right is contained in a clause separate from the accused's other rights, which the State contends are all personally held trial rights. Under this reading, the "right to appear and defend in person" would apply only to trial court proceedings.

¶9          We are not persuaded. When the Arizona Constitution was adopted, the state penal code permitted, but did not require, courts to assign counsel to indigent defendants:

> If the defendant appear[s] for arraignment without counsel, he shall be informed by the court that it is his right to have counsel before being arraigned, and shall be asked if he desire[s] the aid of counsel. If the defendant desires counsel, and declares upon examination by the court, under oath,

3

> that he has no means to employ the same, the court, in its
> discretion, may assign some member of the bar to that duty.

Ariz. Penal Code § 858 (1901).

¶10      By 1939, Arizona had changed this permissive stance to a requirement: "Before the defendant is arraigned on a charge of felony if he is without counsel the court *shall*, unless the defendant objects, assign him counsel to represent him in the cause." A.R.S. § 44-904 (1939) (emphasis added). Decades later, the United States Supreme Court followed suit and held that the Sixth Amendment generally guarantees indigent defendants a right to appointed counsel. *Gideon v. Wainwright*, 372 U.S. 335 (1963). The same day *Gideon* was issued, the Supreme Court held that this right to counsel also extends to the first direct appeal as of right. *Douglas v. California*, 372 U.S. 353, 356–58 (1963).

¶11      This historical background conflicts with the State's argument that the "right to appear and defend in person" must be limited to trials. Because the Arizona penal code allowed, but did not require, appointment of counsel when the framers drafted our state constitution, there was no guarantee of counsel's assistance during trial, much less during an appeal. The State's reading of Article 2, Section 24 would thus have prohibited defendants who lacked counsel from pursing an appeal, thereby limiting the constitutional right to appeal to the subset of defendants who either could afford or were appointed counsel.

¶12      The State's reading effectively would rewrite the constitution to state: "the accused shall have . . . the right to appeal in all cases [*if represented*]." But appellate review is important "to a correct adjudication of guilt or innocence," *Illinois v. Griffith*, 351 U.S. 12, 18 (1956), whether or not a defendant is represented. Nothing suggests the framers intended to limit the right to appeal to represented defendants, and the historical context indicates otherwise. We therefore hold there is a constitutional right to self-representation on appeal under Article 2, Section 24 of the Arizona Constitution.

¶13      Our holding comports with *State v. Stevens*, 107 Ariz. 565, 490 P.2d 571 (1971), which noted that the defendant "has and did exercise his right to appeal in his own behalf . . . [a]nd this right has been deemed of 'equal stature' with the right of counsel." *Id.* at 567, 490 P.2d at 573

(quoting *State v. Westbrook*, 99 Ariz. 30, 35, 406 P.2d 388, 391 (1965)). In reaching this conclusion, the *Stevens* court specifically cited Article 2, Section 24 of the Arizona Constitution. *Id.* The Court did not, however, analyze the constitutional language, and we recognize that *Stevens* supports, rather than compels, our holding here.

¶14 We find additional support in case law from the State of Washington. The Washington Constitution was the model for many of our constitutional provisions, and we thus consider the judicial decisions from Washington persuasive, though not controlling, when we interpret parallel provisions in the Arizona Constitution. *Clouse ex rel. Clouse v. State*, 199 Ariz. 196, 200 ¶ 17, 16 P.3d 757, 761 (2001).

¶15 The Washington Supreme Court has interpreted the equivalent of our Article 2, Section 24 as granting a defendant the right to self-representation on appeal. *State v. Rafay*, 222 P.3d 86, 89 ¶ 12 (Wash. 2009). The *Rafay* court noted that Washington was the first state to recognize a defendant's general right to appeal, expressly guaranteeing the right in the state's constitution, unlike the United States Constitution's silence on this point. *Id.* at 89 ¶ 11. The court reasoned that this deliberate choice implied that "the framers of [the Washington Constitution] intended to provide for broader rights under article I, section 22 than those guaranteed under the Sixth Amendment." *Id.* Because the Arizona Constitution likewise guarantees a right to appeal, *Rafay* also supports our holding.

¶16 This right to self-representation on appeal, however, is not without limits. *See id.* at 90 ¶ 14, 91 ¶ 20 ("As with the right of self-representation at trial, the right of self-representation on appeal is neither self-executing nor absolute," and "is not without limits or qualifications."); *cf. State v. De Nistor*, 143 Ariz. 407, 412, 694 P.2d 237, 242 (1985) (noting that right to self-representation at trial "cannot . . . exist in a vacuum"). In the trial context, because proceedings must be conducted in an orderly fashion, we have held that requests for self-representation are timely only if made before a jury is empanelled. *See State v. Lamar*, 205 Ariz. 431, 435 ¶ 22, 72 P.3d 831, 835 (2003). This rule recognizes "the defendant's right in conjunction with a victim's constitutional right to a speedy trial and the trial court's prerogative to control its own docket." *Id.* at 436 ¶ 27, 72 P.3d at 836 (footnote omitted).

¶17    Attempting to strike a similar balance between respecting the right to self-representation on appeal, ensuring orderly proceedings, and recognizing victims' rights to a "prompt and final conclusion of the case after the conviction and sentence," Ariz. Const. art. II, § 2.1(10), we hold that previously represented defendants must give notice of their request to represent themselves no later than thirty days after filing the notice of appeal. (Defendants who have represented themselves at trial should not be required to provide separate notice of their intent to represent themselves on appeal.) This thirty-day rule is a compromise. On the one hand, it gives counsel time to advise defendants of the potential risks of proceeding pro se and gives defendants time to weigh the benefits and costs of waiving representation. On the other hand, it acknowledges the need to protect "the orderly administration of the judicial process." *De Nistor*, 143 Ariz. at 413, 694 P.2d at 243.

¶18    Other courts have held that a defendant waives the right to self-representation on appeal if it is not exercised before the filing of the opening brief. *See, e.g.*, *Commonwealth v. Grazier*, 713 A.2d 81, 82 (Pa. 1998). But opening briefs may not be filed until several months after the filing of the notice of appeal, and in the meantime counsel may have expended significant time in reviewing the record or otherwise working on the appeal. Allowing requests for self-representation on appeal to be made any time before the opening brief is filed could result in unnecessary delay in the appellate proceedings. We believe the thirty-day rule better balances the defendant's interest in making an informed decision with the other interests at stake.

¶19    If a request is made before the filing of a notice of appeal, the trial court shall conduct a hearing to determine whether the defendant's waiver of counsel on appeal is made knowingly, intelligently, and voluntarily, just as the court would if the request for self-representation were made at trial. *See Faretta*, 422 U.S. at 834; Ariz. R. Crim. P. 6.1(c). If the request is made after the filing of the notice of appeal, the court of appeals may revest jurisdiction in the trial court pursuant to Arizona Rule of Criminal Procedure 31.17(a) to conduct this *Faretta*-like hearing.

¶20    If the defendant makes an untimely request (after the thirty days have expired), the court of appeals may exercise its discretion. *Cf. De Nistor*, 143 Ariz. at 413, 694 P.2d at 243 (stating that if a defendant makes an untimely request to proceed pro se at the trial court level, "then

whether defendant will be given the opportunity to waive counsel is within the discretion of the trial court"). The court may consider the same factors that a trial court does when a request for self-representation is made during trial. These factors include "the reasons for the defendant's request, the quality of counsel, the defendant's proclivity to substitute counsel, and the disruption and delay expected in the proceedings if the request were to be granted." *Id.* Delay may result because of the need to revest the trial court with jurisdiction to conduct a *Faretta*-like hearing. Requests made after the filing of the opening brief should be disfavored, as defendants are not entitled to switch back and forth between representation and self-representation. *Cf. State v. Cornell*, 179 Ariz. 314, 326, 878 P.2d 1352, 1364 (1994) (recognizing that, at the trial level, once defendant has invoked right to counsel, the trial court has discretion to deny a request to "switch back" to self-representation).

### III.

**¶21** Article 2, Section 24 of the Arizona Constitution provides a defendant with a right to self-representation on appeal. We therefore vacate the court of appeals' decision order. To be timely, however, a request for self-representation on appeal must be made no later than thirty days after the filing of the notice of appeal. Because Coleman's request was untimely, we remand the case to the court of appeals so it may consider, in its discretion, whether to grant the request.