NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

ANTHONY MERRICK, *Appellant*.

No. 1 CA-CR 11-0549

FILED 10-02-2014

Appeal from the Superior Court in Maricopa County
No.  CR2010-005367-001
The Honorable Janet E. Barton, Judge

**REQUEST FOR SELF-REPRESENTATION
ON APPEAL:  DENIED AS WAIVED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Miles A. Braccio
*Counsel for Appellee*

Ballecer & Segal, Phoenix
By Natalee E. Segal
*Counsel for Appellant*

Anthony Merrick
*Appellant*

## MEMORANDUM DECISION

Presiding Judge Maurice Portley delivered the decision of the Court, in which Judge Patricia K. Norris and Judge Lawrence F. Winthrop joined.

**P O R T L E Y**, Judge:

**¶1**        The Arizona Supreme Court granted Appellant Anthony Merrick's petition for review on August 26, 2014, and directed this court to determine whether Appellant timely made a request to represent himself on appeal in light of *Coleman v. Johnsen*, 235 Ariz. 195, 330 P.3d 952 (2014). After considering *Coleman* and the record, we conclude that Appellant did not make a timely request and waived his right to represent himself on appeal.

## PROCEDURAL BACKGROUND

**¶2**        The facts of the case are outlined in *State v. Merrick*, 1 CA-CR 11-0549, 2012 WL 4955425, at *1 (Ariz. App. Oct. 18, 2012) (mem. decision). After the jury found Appellant guilty, the trial court granted Appellant's request to waive counsel and act as his own lawyer. He filed a number of unsuccessful motions, including one for new trial. He was subsequently sentenced and filed a notice of appeal on August 2, 2011.

**¶3**        This court appointed appellate counsel for Appellant ten days later. Counsel filed the opening brief on March 13, 2012. One week later, Appellant filed an unsuccessful pro se motion for permission to "file a supplemental brief raising additional issues or in the alternative to strike the brief filed and allow appellant to file another brief." He then moved for reconsideration on March 27, 2012, and argued that he did not authorize the opening brief to be filed and "ask[ed] this court to allow him his constitutional right to file his own appellate brief, pro per." The motion also stated that: Appellant did not want counsel; counsel does not speak for him; and counsel was supposed to have notified this court that he wanted to proceed pro per. The motion was denied.

**¶4**        Appellant then filed an unsuccessful motion to file a supplemental brief on April 10, 2012. In resolving the merits of the appeal, we vacated four of the nine convictions and sentences for theft, *Merrick,* 1 CA-CR 11-0549, at *4, ¶ 18. Appellant filed a pro se petition for review,

raising two substantive challenges to the decision and asserting that he was precluded from representing himself on appeal. Review was denied on his first two issues, but our supreme court directed this court to address whether Appellant timely requested to represent himself on appeal.

¶5        After we decided the issue, Appellant's subsequent petition for review was granted. Our decision order was vacated and we were directed to consider the issue in light of *Coleman*.

## ANALYSIS

¶6        In *Coleman*, our supreme court clearly and unequivocally stated that "there is a constitutional right to self-representation on appeal under Article 2, Section 24 of the Arizona Constitution." *Coleman*, 235 Ariz. at 197, ¶ 12, 330 P.3d at 954. The court also stated that "[t]his right to self-representation on appeal, however, is not without limits," *id*. at 198, ¶ 16, 330 P.3d at 955, and held that defendants who were represented "must give notice of their request to represent themselves no later than thirty days after filing the notice of appeal." *Id*. at 198, ¶ 17, 330 P.3d at 955. The court also noted parenthetically that "[d]efendants who have represented themselves at trial should not be required to provide separate notice of their intent to represent themselves on appeal." *Id*.; *State v. Stevens*, 107 Ariz. 565, 566, 490 P.2d 571, 572 (1971). The court also stated that "[i]f the defendant makes an untimely request (after the thirty days have expired), the court of appeals may exercise its discretion." *Coleman*, 235 Ariz. at 199, ¶ 20, 330 P.3d at 956.

¶7        Although Appellant represented himself at sentencing and filed his notice of appeal, he did not challenge the appointment of appellate counsel ten days later. He did not make a request to represent himself within thirty days of filing his notice of appeal. He did not request to represent himself after appellate counsel was appointed or even after substitute appellate counsel was appointed in December 2011. He did not make his request known until after the filing of the opening brief. As a result, the thirty-day notice rule is the lodestar for our analysis.

¶8        In the exercise of our discretion, we deny Appellant's belated request to represent himself before this court on appeal without aid of counsel. First, as *Coleman* noted, requests made after an opening brief has been filed "should be disfavored." *Coleman*, 235 Ariz. at 199, ¶ 20, 330 P.3d at 956. Second, a grant of his request at the end of March 2012 would have resulted in disruption and delay of the appellate process; specifically, this court may have been required to revest jurisdiction in the

trial court to conduct a *Faretta*[1]-like hearing, *id.* at 198, ¶ 19, 330 P.3d at 955; counsel would have been directed to transfer the record to Appellant; and the appeal process would have had to start anew.[2]  Third, the delay and disruption would have deprived the victim of justice in an orderly appellate process.  *See* Ariz. Rev. Stat. § 13-4411.  And, finally, despite Appellant's claims he lost issues because he could not file an opening brief, counsel's opening brief forced the State to concede "that fundamental error occurred when the use of the same gift card formed the basis for multiple convictions for theft of the same credit card," which resulted in some appellate relief. *Merrick*, 1 CA-CR 11-0549, at *1, *4, ¶¶ 5, 18.

**CONCLUSION**

**¶9**        Based on the foregoing, and in the exercise of our discretion, we deny Appellant the right to represent himself in this appeal without counsel.



Ruth A. Willingham · Clerk of the Court
FILED : gsh

---

[1] *Faretta v. California*, 422 U.S. 806 (1975).

[2] Appellant filed a Motion for Judicial Notice in this court on May 13, 2013, and asked us to take judicial notice of certain documents.  In addition to correspondence with his appellate lawyer, he included a copy of a letter dated February 20, 2012, "Re: State v. Merrick, CR 2010-005367-001 Appeal," with the salutation "Dear Clerk."  The letter is not addressed, but advises the "clerk" that he has asked his appellate lawyer to withdraw and asks for an extension of time to file a brief.  If the letter was sent, there is no record of the letter being received by either the Clerk of the Court for the Maricopa County Superior Court or the Clerk of the Court for the Arizona Court of Appeals.  But even assuming the letter was delivered for mailing by the Department of Corrections in February 2012, the letter would have been well beyond the thirty-day rule in *Coleman* and would not change our analysis.