NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

PHILIP JOHN MARTIN, *Appellant.*

No. 1 CA-CR 20-0585
FILED 12-30-2021

Appeal from the Superior Court in Mohave County
No. S8015CR201201326
The Honorable Billy K. Sipe, Jr., Judge, *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson, Casey Ball
*Counsel for Appellee*

Mohave County Legal Advocate, Kingman
By Jill L. Evans
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Brian Y. Furuya delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Michael J. Brown joined.

---

**F U R U Y A**, Judge:

¶1          Philip John Martin appeals from the superior court's order amending his conviction from first to second-degree murder after he was improperly tried a second time for first-degree murder. He argues that, because double jeopardy barred his retrial for first-degree murder, he is entitled to a new trial on second-degree murder as the sole offense. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2          A neighbor was walking towards Martin's home when Martin demanded he leave. The neighbor failed to do so, and Martin fatally shot him.

¶3          The grand jury indicted Martin for first-degree murder. *State v. Martin*, 1 CA-CR 13-0839, 2014 WL 7277831, at *1, ¶ 3 (Ariz. App. Dec. 23, 2014) (mem. decision). At trial, Martin admitted to the shooting but claimed it was legally justified, and the superior court therefore instructed the jury on self-defense and defense of premises. *Id.* The jury convicted Martin of second-degree murder as a lesser-included offense. *Id.* On appeal, we reversed and remanded for a new trial because the court failed to instruct the jury on the crime-prevention defense. *Id.* at ¶ 1.

¶4          On remand, the jury found Martin guilty of first-degree murder, and the court imposed a life sentence. *State v. Martin*, 247 Ariz. 101, 102, ¶ 6 (2019) (*Martin II*). We affirmed, *id.*, but on review, the Arizona Supreme Court concluded that Martin's retrial for first-degree murder violated his double jeopardy rights. *Id.* at 106, ¶ 24. The supreme court therefore vacated our decision and remanded to the superior court to determine whether to reduce Martin's conviction to second-degree murder, or to order a new trial without the jeopardy-barred charge of first-degree murder. *Id.* at ¶ 25.

¶5          After considering the parties' memoranda, the superior court found Martin was not entitled to a new trial. Instead, the court reasoned

that, by convicting Martin of first-degree murder, the jury in the second trial rejected his justification defenses. Noting that the jury was instructed on second-degree murder as a lesser-included offense of first-degree murder, the court concluded that the jurors would have convicted Martin of second-degree murder had the State not presented them with the barred first-degree murder charge. Accordingly, the court entered a judgment of guilt on second-degree murder and resentenced Martin to a presumptive term of 16 years' imprisonment. Martin timely appealed and we have jurisdiction under Arizona Revised Statutes ("A.R.S.") §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

**¶6**         Martin argues the court erred by reducing his conviction to second-degree murder instead of granting a new trial on that charge.[1] He contends the improper presence of the first-degree murder charge at the second trial "changed the landscape of the trial, making it more likely that [the jurors] convicted rather than continu[ing] to debate his innocence[.]" As indicative of this "changed landscape," Martin points out that defense counsel, to avoid a first-degree murder conviction, stated during closing arguments that Martin may be guilty of second-degree murder. We reject Martin's contention because it implicates a presumption that is not applicable in this case.

**¶7**         We review the court's decision whether to grant a new trial for an abuse of discretion. *State v. Hickle*, 133 Ariz. 234, 238 (1982). This deferential standard of review is especially appropriate here because the judicial officer who ruled on Martin's request for a new trial on remand from the supreme court also presided over the second trial. *See State v. Rojas*, 247 Ariz. 399, 402, ¶ 11 (App. 2019) ("[W]e generally afford the trial court

_____

[1]         After briefing was completed in this matter, Martin personally filed a letter with this court on September 23, 2021, purporting to raise issues of prosecutorial misconduct and ineffective assistance of trial counsel ("IAC"). Because Martin is represented by appellate counsel and he has not timely requested to proceed *in propria persona*, we do not consider the letter. *See Coleman v. Johnsen*, 235 Ariz. 195, 196, ¶ 1 (2014) (recognizing a state constitutional right to self-representation on appeal but holding that defendants must give notice of intent to exercise that right by filing a notice within 30 days of filing a notice of appeal). Moreover, IAC claims may not be raised on direct appeal. *State ex rel. Thomas v. Rayes*, 214 Ariz. 411, 415, ¶ 20 (2007).

wide discretion in its decision to grant a new trial because of its intimate connection to the trial, including the opportunity to directly observe testimony.").

¶8            A defendant who is tried for an offense that is barred by double jeopardy is not automatically entitled to a new trial if convicted of a lesser-included offense that is not similarly barred. *See Morris v. Mathews*, 475 U.S. 237, 245 (1986) (describing holding in *Price v. Georgia*, 398 U.S. 323 (1970)). A presumption arises, however, when the conviction was "influenced by the trial on [the barred] charge" because the presence of "the greater offense for which the jury was unwilling to convict also made the jury less willing to consider the defendant's innocence on the lesser charge." *Id.*

¶9            The presumption of prejudice does not arise in cases such as here, where the jury is provided the opportunity to acquit on the charged (albeit jeopardy-barred) offense and convict on a lesser-included offense, but nonetheless convicts the defendant of the greater offense. *Id.* The remedy for such a constitutional violation depends on whether the defendant can show that "but for the improper inclusion of the jeopardy-barred charge, the result of the proceeding probably would have been different." *Id.* at 247. A defendant who shows such a "reliable inference of prejudice" is entitled to a new trial where only the lesser charge is presented to the factfinder. *Id.* at 246. If the defendant fails to show prejudice in this respect, the court may properly impose a conviction for the lesser-included offense. *Id.* at 246–47. Thus, to obtain a third trial in this case, Martin was required to establish that the jury at his second trial would probably not have returned a guilty verdict had second-degree murder been the only offense presented.

¶10            The court's determination that Martin failed to show prejudice was not an abuse of discretion. As the court noted, and the record reflects, the jury at Martin's second trial was properly instructed on first-degree murder, the lesser-included offense of second-degree murder, and the justification defenses of self-defense, defense of premises, and crime prevention. The court also determined that all the evidence admitted at trial would have been admitted had Martin been tried only on second-degree murder.

**¶11** On appeal, Martin does not challenge the court's findings.[2] Indeed, he concedes that evidence of his premeditation—the element that distinguishes first from second-degree murder, *State v. Thompson*, 204 Ariz. 471, 478, ¶ 27 n.6 (2003)—would have been admissible to rebut his justification defenses had he been tried solely on second-degree murder. *See State v. Mincey*, 141 Ariz. 425, 435 (1984) (explaining that evidence of premeditation was admissible when defendant was retried solely for second-degree murder after his first-degree murder conviction was vacated). We therefore conclude that the court properly amended Martin's conviction from first to second-degree murder without the need to grant Martin a third trial.

**CONCLUSION**

**¶12** Martin's conviction and sentence are affirmed.



AMY M. WOOD • Clerk of the Court
FILED: JT

---

[2] Martin argues insufficient evidence supports the jury's conclusion that he was not justified in shooting the victim. This argument is waived because Martin did not raise it when he appealed from his second trial in this case. *See State v. Martin*, 1 CA-CR 16-0551, 2018 WL 3031568, (Ariz. App. June 19, 2018) (mem. decision); *State v. Martin*, 245 Ariz. 42 (App. 2018) (vacated by *Martin II*).